17 F.3d 356
 64 Fair Empl.Prac.Cas. (BNA) 516,
64 Empl. Prac. Dec. P 42,968
Peners L. GRIFFIN, Henry L. Dejerinett, Plaintiffs,
Alvin Smith, Intervenor-Appellant,
v.
Harry K. SINGLETARY, Jr., State of Florida Department of
Corrections, State of Florida, Defendants-Appellees,
Louie L. Wainwright, Raymond W. Geary, Defendants,
Samuel Platt, David Baber, Romeo Cozart, Marvin Jones,
Michael Oyefesobi, Movants-Appellants.
Peners L. GRIFFIN, Henry L. Dejerinett, Plaintiffs-Appellants,
Alvin Smith, John Butler, Intervening Plaintiffs, Appellants,
v.
Harry K. SINGLETARY, Jr., State of Florida Department of
Corrections, State of Florida, Defendants-Appellees,
Louie L. Wainwright, Raymond W. Geary, Defendants.
Samuel PLATT, Michael Anderson, Sandra Anderson, Gary Black,
Nelson Brooks, Jr., Laurene Brown, Tommie Brown, Curtis
Carter, Willie Clark, Julius Hope, Billy Givens, James
Haynes, Davis Henderson, Jimmy Hodore, Mamie Jackson, Gary
Jones, James McNealey, Iola Rivers, Johnnie Vance, Diann
Walker, etc., Plaintiffs-Appellants,
v.
STATE OF FLORIDA, the Florida Department of Corrections,
Harry K. Singletary, Jr., etc., Defendants-Appellees.
Jimmie Lee SADDLER, Tom Carter, Jr., Lillie Mae Lewis, Blake
T. Moore, Sr., Sylvia Jean Forward, Anthony Brown,
Robert Hallback, Henry Chandler, Walter
Everitt, Jr., etc.,
Plaintiffs-Appellants,
v.
STATE OF FLORIDA, the Florida Department of Corrections,
Harry K. Singletary, Jr., etc., Defendants-Appellees.
Brenda ASHLEY, Bernice Hizine Atkins, Louise Baker, Gary
Black, Ronald J. Baker, Sr., Nelson Brooks, Jr.,
Brenda Brown, Yvonne Hampton Brown,
Horace Calhoun, III, et al.,
etc., Plaintiffs-Appellants,
v.
STATE OF FLORIDA, the Florida Department of Corrections,
Harry K. Singletary, Jr., etc., Defendants-Appellees.
 Nos. 92-2000, 92-2163 and 92-2996.
 United States Court of Appeals,
Eleventh Circuit.
 March 29, 1994.
 
 Jerry Traynham, Patterson & Traynham, Tallahassee, FL, for appellants.
 Harry F. Chiles, Asst. Atty. Gen., Atty. Gen.'s Office Dept. of Legal Affairs, Bruce Minnick, Charles T. Collette, Mang, Rett & Collette, P.A., Tallahassee, FL, for appellees.
 Rebecca Southwell Conlan, Tallahassee, FL, for Singletary, State of Florida, Dept. of Corrections.
 Appeals from the United States District Court for the Northern District of Florida.
 Before DUBINA and CARNES, Circuit Judges, and MORGAN, Senior Circuit Judge.
 CARNES, Circuit Judge:
 
 
 1
 This case presents the question whether the pendency of a Title VII class action tolls the administrative charge-filing period for the class members when class certification is vacated because the representative failed to make a timely filing with the EEOC. We hold that it does toll the period for those wishing to bring individual suits but does not for those wishing to bring class action suits.
 
 I. BACKGROUND
 A. THE GRIFFIN LITIGATION
 
 2
 This lawsuit was filed in 1979 by Peners L. Griffin as an "across-the-board" class action, under Fifth Circuit precedent that allowed a plaintiff who alleged pervasive discrimination to raise claims, on behalf of a class, that were different from his individual claims. Griffin, whose individual claim was that the Florida Department of Corrections (FDOC) denied him several promotions and twice dismissed him because of his race, alleged in the class action that the defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. Secs. 2000e to 2000e-17 (1981 & Supp.1993), as well as 42 U.S.C.A. Sec. 1983 (1981), by discriminating against blacks in recruiting, hiring, assigning jobs, and making promotions; by maintaining a racially biased workplace; and by requiring that applicants for correctional officer positions have a high school diploma and pass a written examination, both of which have a disparate impact on blacks.
 
 
 3
 In 1980, the district court granted Griffin leave to amend his complaint to add Henry Dejerinett as a party-plaintiff and a class representative. Dejerinett, who is black, had applied for a clerical position, for which the written exam was not required, and had not been hired. In 1981, the district court preliminarily certified a class of "all past, present, and potential black employees of the State of Florida Department of Corrections," after the parties stipulated that the allegations were common to that class.
 
 
 4
 In 1982, the defendants moved to vacate the class certification, based on the decision of the Supreme Court in General Tel. Co. v. Falcon, 457 U.S. 147, 157-61, 102 S.Ct. 2364, 2370-72, 72 L.Ed.2d 740 (1982), reversing a Fifth Circuit decision permitting an "across-the-board" class action. At that point, Alvin Smith, who had twice applied for a position as a correctional officer and twice been rejected, moved to intervene. Smith was first rejected because he did not have a high school diploma. After getting a GED in 1981, Smith reapplied, but failed the written exam. The defendants contended that Smith could not be a class representative because he had failed to file a timely complaint with the EEOC. The district court denied the defendants' motion for summary judgment and allowed Smith to intervene. The court then granted partial summary judgment for the plaintiffs, finding that the FDOC's use of the written exam had a disparate impact on black applicants and was not justified by business necessity, thereby violating Title VII. The court left pending the issue of relief. In August 1982, shortly after the court granted summary judgment, the defendants ceased using the written examination.
 
 
 5
 In 1985, the district court certified for interlocutory appeal its decision to permit Griffin, Dejerinett, and Smith to serve as representatives for a class that included applicants claiming they were discriminated against by the FDOC's use of the written test. This Court granted the defendants permission to appeal, and, in Griffin v. Dugger, 823 F.2d 1476, 1494 (11th Cir.1987), cert. denied, 486 U.S. 1005, 108 S.Ct. 1729, 100 L.Ed.2d 193 (1988), vacated the district court's order certifying the class. We held that Griffin could not represent those with testing claims, because under Falcon he had no constitutional standing to assert a testing claim (not having been injured by the test), and because he did not meet the requirements of Rule 23(a) for representing those with testing claims. Id. at 1483-84 & n. 17 (citing Fed.R.Civ.P. 23(a)). Dejerinett, who applied for a clerical position, was not required to have a high school diploma or to take the written exam, and therefore also "lacked constitutional standing to assert a testing or a hiring claim arising out of the [FDOC's] correctional officer application process." Id. at 1491. Smith, on the other hand, did have constitutional standing to assert a testing claim under Title VII, because he had failed the exam and been rejected. Id. at 1492. However, because Smith had failed to file a timely charge of racial discrimination with the EEOC as required by 42 U.S.C.A. Sec. 2000e-5(e) (1981 & Supp.1993), we held that the district court erred in allowing Smith to intervene as a class representative. Id. Concluding that "[n]one of the named plaintiffs ... should have been allowed to represent the class of black correctional officer applicants with testing claims," we vacated the district court order certifying the class. Id. at 1494.
 
 
 6
 On remand, Griffin and Dejerinett moved for leave to amend their complaint in an effort to correct the defects found by the prior panel; Smith moved for leave to amend his intervenor's complaint, and five would-be intervenors (Platt, Baber, Cozart, Jones, and Oyefesobi) moved to intervene as class representatives for the vacated testing class. All moved for recertification of the class. The district court denied Platt, Baber, Cozart, Jones, and Oyefesobi's motion to intervene, and vacated its order granting partial summary judgment on the testing issue as well as its order allowing Smith to intervene. The court also dismissed the high school diploma claim. Finally, the court denied Griffin and Dejerinett's motion to amend their complaint, denied Smith's motion to amend his intervenor's complaint, and denied the motion to recertify the class.
 
 
 7
 The court then entered final judgment for the defendants. The five movant-intervenors now appeal the district court's order denying them leave to intervene. Griffin, Dejerinett, and Smith appeal the order denying leave to amend their complaints and entering judgment for the defendants. Those appeals were given numbers 92-2000 and 92-2163, respectively.
 
 B. THE PLATT LITIGATION
 
 8
 After this Court's decision in Griffin, several groups of those members of the former plaintiff class who had failed the examination filed actions challenging the use of the test for themselves and on behalf of the class that the district court had originally certified. The Platt group consisted of twenty plaintiffs who filed suit, relying, under the "single-filing rule," on the charge Platt had filed with the EEOC in March 1986. The nine plaintiffs in the Saddler case relied on a charge that plaintiff Henry Chandler had filed with the EEOC in 1987. The thirty-three plaintiffs in the Ashley case all had filed charges with the EEOC shortly after the Griffin decision in 1987.
 
 
 9
 The defendants moved to strike the class allegations from the complaints in each of the three cases. The district court denied class certification in the Platt case and granted the motions to strike the class allegations in the Saddler and Ashley cases. The court consolidated the Platt, Saddler, and Ashley cases, and then granted the defendants' motion for summary judgment, on the ground that no plaintiff had filed a timely charge with the EEOC. All of the plaintiffs appealed, and their appeal was given number 92-2996. We will refer to all of the appellants in this group collectively as the Platt appellants or the Platt plaintiffs. Appeal number 92-2996 was consolidated with the two appeals from the Griffin litigation.
 
 II. DISCUSSION
 
 10
 The Griffin appellants contend that the district court erred in denying intervention to movant-intervenors Platt, Baber, Cozart, Jones, and Oyefesobi. The district court held that "[b]ecause none of these potential intervenors filed a timely charge of discrimination with the [EEOC] as required by the law of this case," they "stand in no better shoes than did Smith" under the prior panel opinion. We affirm that denial of intervention on the basis of the district court's reasoning.
 
 
 11
 The Griffin appellants further contend that the district court erred when it denied Griffin and Dejerinett leave to amend their complaint. The district court reasoned that despite their efforts to amend their complaints, Griffin, Dejerinett, and Smith "continue to name no person who--under the mandate of the appellate court--would be a proper representative of persons with testing claims." We agree with the district court, and therefore affirm its denial of leave to amend.
 
 
 12
 Finally, the Griffin appellants argue that the district court erred in dismissing their challenge to the high school diploma requirement and in vacating the order granting intervention to Smith. Because no named plaintiff has standing to represent those with diploma claims, and we have already held that Smith did not have standing to represent those with testing claims, we affirm the order of the district court dismissing the diploma claim and vacating the order granting Smith intervention.
 
 A. THE NON-PIGGYBACK RULE FOR CLASS ACTIONS
 
 13
 The Platt appellants contend that the district court erred in denying their motions to certify class actions. The district court held that "Plaintiffs may not piggyback one class action onto another and thus toll the statute of limitations indefinitely." We agree. "The courts of appeals that have dealt with the issue appear to be in unanimous agreement that the pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the original asserted class." Andrews v. Orr, 851 F.2d 146, 149 (6th Cir.1988) (emphasis added) (citing Korwek v. Hunt, 827 F.2d 874, 879 (2d Cir.1987); Salazar-Calderon v. Presidio Valley Farmers Ass'n, 765 F.2d 1334, 1351 (5th Cir.1985), cert. denied, 475 U.S. 1035, 106 S.Ct. 1245, 89 L.Ed.2d 353 (1986), and cert. denied, 493 U.S. 821, 110 S.Ct. 79, 107 L.Ed.2d 45 (1989); Robbin v. Fluor Corp., 835 F.2d 213, 214 (9th Cir.1987)). The plaintiffs may not "piggyback one class action onto another," Salazar-Calderon, 765 F.2d at 1351, and thereby engage in endless rounds of litigation in the district court and in this Court over the adequacy of successive named plaintiffs to serve as class representatives. This case illustrates the wisdom of the rule against piggybacked class actions. Fifteen years after the Griffin lawsuit was filed, the class action issues are still being litigated, and we decline to adopt any rule that has the potential for prolonging litigation about class representation even further.
 
 B. THE PIGGYBACK RULE FOR INDIVIDUAL CLAIMS
 
 14
 We turn now to the individual claims, to which different law is applicable. The district court dismissed the Platt plaintiffs' individual claims because none of them had filed a timely charge of discrimination with the EEOC after receiving notice that they had failed the written examination. The court rejected the Platt plaintiffs' argument that the charge-filing period was tolled during the pendency of the class action in the Griffin litigation, reasoning that nothing in American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), or Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), suggested that the tolling rule those cases created "would encompass cases in which the class representatives have no standing to assert claims which are raised in subsequent suits." We review the district court's grant of summary judgment de novo. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1117 (11th Cir.1993).
 
 
 15
 The piggyback rule for individual claims is different from that for class actions. The Supreme Court has held that:
 
 
 16
 "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." [American Pipe,] 414 U.S., at 554, 94 S.Ct., at 766. Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied.
 
 
 17
 Crown, Cork & Seal, 462 U.S. at 353-54, 103 S.Ct. at 2397-98. The district court reasoned that there is an exception to the tolling rule announced in American Pipe and Crown, Cork & Seal when the class action relied upon was decertified on grounds that no class representative had standing to bring the claim asserted in the individual suits. We disagree. Insofar as the individual claims are concerned, putative class members should be entitled to rely on a class action as long as it is pending. That reliance is particularly justified in this case, in which the district court certified a plaintiff class. As the Third Circuit explained in a similar situation:
 
 
 18
 Reliance on the pendency of a certified class action is more reasonable than the reliance on an uncertified class action which [American Pipe and Crown, Cork & Seal ] approve. The certification of the class should discourage, rather than encourage, the proliferation of filings of individual actions. The distinction which is urged on us would produce the very evil which the Court sought to avoid in American Pipe and Crown, Cork & Seal. Consistency with the policies reiterated in Crown, Cork & Seal requires that the tolling of the statute of limitations continue until a final adverse determination of class claims.
 
 
 19
 Edwards v. Boeing Vertol Co., 717 F.2d 761, 766 (3d Cir.1983) (footnote omitted), vacated on other grounds, 468 U.S. 1201, 104 S.Ct. 3566, 82 L.Ed.2d 867 (1984), reinstated, 750 F.2d 13, 14 (3d Cir.1984). If we were to hold otherwise, class members uncertain of the district court's standing analysis--and there is much uncertainty in this area of the law--"would have every incentive to file a separate action prior to the expiration of his own period of limitations. The result would be a needless multiplicity of actions--precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of American Pipe were designed to avoid." Crown, Cork & Seal, 462 U.S. at 351, 103 S.Ct. at 2396.
 
 
 20
 Nor are we convinced by the defendants' argument that tolling should not apply because the limitations period at issue in this case is an administrative rather than a statutory period. We have found no case adopting a rule based upon such a distinction. The only courts to have considered the question have concluded that
 
 
 21
 [a]pplying the tolling rule to the filing of administrative claims will have the same salutary effect as exists for the filing of lawsuits. In both cases, tolling the statute of limitations during the pendency of a class action will avoid encouraging all putative class members to file separate claims with the EEOC....
 
 
 22
 Sharpe v. American Express Co., 689 F.Supp. 294, 300 (S.D.N.Y.1988); see also McDonald v. Secretary of Health & Human Serv., 834 F.2d 1085, 1092 (1st Cir.1987) (holding that the principles of American Pipe tolling are "generally applicable" to administrative limitations periods, so that after a class action was decertified on appeal, the class members could "go forward from the point where they had left off during pendency of the class action" and exhaust their administrative remedies). As the Sixth Circuit has reasoned:
 
 
 23
 So long as a class action is pending the employer[ ] is on notice of the claims of all putative class members. Once the class action ends, however, the employee is required to bring her individual claim to the attention of the employer by filing an administrative complaint with her EEO counselor.
 
 
 24
 Andrews v. Orr, 851 F.2d 146, 150 (6th Cir.1988). The class action filed in the Griffin litigation put the defendants on notice of adverse claims relating to their use of the written examination; they were made "aware of the need to preserve evidence and witnesses respecting the claims of all the members of the class." Crown, Cork & Seal, 462 U.S. at 353, 103 S.Ct. at 2397. Tolling the administrative limitations period will discourage putative class members from needlessly multiplying actions without prejudicing defendants.
 
 
 25
 Therefore, we hold that the charge-filing period for the individual claims asserted in the Platt litigation was tolled during the pendency of the class action in Griffin--that is, from the time the lawsuit was filed until this Court published its opinion vacating the order certifying the class on September 23, 1987.
 
 III. CONCLUSION
 
 26
 The order of the district court granting summary judgment for the defendants in the Platt, Saddler, and Ashley cases is VACATED, and the cases are remanded so that the court may determine whether the individual plaintiffs filed timely charges which would permit them to continue with their individual claims. The orders of the district court in the Platt, Saddler, and Ashley cases denying class certification, and granting the defendants' motions to strike all class allegations, are AFFIRMED.
 
 
 27
 In the Griffin appeal, the order of the district court denying intervention to Platt, Baber, Cozart, Jones, and Oyefesobi, and refusing to recertify the class, is AFFIRMED. We AFFIRM the orders denying Griffin and Dejerinett leave to amend their complaint, denying Smith leave to amend his intervenors complaint, and refusing to recertify the class. We also AFFIRM the order of the district court: dismissing the high school diploma claim; vacating its order granting summary judgment on the testing issue; and vacating its order allowing Smith to intervene.