HATCHETT, Circuit Judge.
As a matter of first impression in this circuit, the court outlines options that plaintiffs, who have been dismissed from class actions after opting-in to the class actions, may take to protect their right to litigate their claims individually before a statute of limitations runs. We affirm in part, reverse in part, and remand.
FACTS AND PROCEDURAL HISTORY
In 1993, David M. Armstrong and thirty-two other former employees of Martin Marietta Corporation and Martin Marietta Technologies, Inc. (collectively “Martin Marietta”) opted in an Age Discrimination in Employment Act (ADEA) class action captioned Carmichael et al. v. Marietta Technologies, Inc., case no. 94-100-Civ-Orl-18. On April 7, 1994, the district court dismissed Armstrong and the other thirty-two employees’ claims without prejudice concluding that they were not similarly situated to the Carmichael plaintiffs. On October 11, 1994, more than ninety days after the district court’s order of dismissal, Armstrong, the thirty-two employees, and twelve additional former employees of Martin Marietta (hereinafter the “Armstrong plaintiffs”) filed this ADEA action in the Middle District of Florida alleging that Martin Marietta engaged in age discrimination when it laid them off in 1988 as part of its large scale work force reduction. On October 25, 1994, the Armstrong plaintiffs filed an amended complaint adding an additional plaintiff making the number of plaintiffs in this action forty-six.
On January 17,1995, Martin Marietta filed a motion for partial summary judgment against twenty-nine of the forty-six Armstrong plaintiffs on the grounds that these plaintiffs failed to file their individual lawsuits within ninety days after receiving notice of their dismissal from the Carmichael class action. Martin Marietta also sought summary judgment against three other Armstrong plaintiffs, Carol Clark-Iley, Glenn Johnson and Victor Shaw, on the additional ground that they each failed to file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged unlawful practice, in violation of 29 U.S.'C. 626(d)(2) (1994).
On March 22, 1995, a magistrate judge issued a report recommending that the district court grant Martin Marietta’s partial summary judgment motion. The magistrate judge concluded that the ninety-day filing period commenced to run on the Armstrong plaintiffs’ claims when the district court dismissed them from the Carmichael class action; therefore, their claims were time barred. The magistrate judge also recommended that the district court grant summary judgment against Marlon K. Tarter who was not included in Martin Marietta’s summary judgment motion. Finally, the magistrate judge concluded that the “single-file” rule did not require plaintiffs Johnson, Clark-Iley and Shaw to file charges of discrimination with EEOC rejecting Martin Marietta’s alternative ground for partial summary judgment. On May 10, 1995, the district court adopted the magistrate judge’s report and recommendation and granted partial summary judgment in favor of Martin Marietta. On September 14, 1995, the district court amended its order and entered final judgment pursuant to Rule 54(b). This appeal followed.
CONTENTIONS
The Armstrong plaintiffs contend that the ninety-day. filing period for bringing an ADEA action in district court remained tolled after their dismissal from the class action because the district court did not enter a final judgment. In the alternative, the Armstrong plaintiffs contend that this court should excuse their failure to file their individual lawsuits within the fifing period because they did not receive notice that the ninety-day fifing period resumed upon their dismissal from the class action. In response, *1508 Martin Marietta contends that the “interlocutory” status of the order dismissing the Armstrong plaintiffs from the Carmichael action does not affect the Armstrong plaintiffs’ obligation to file their individual lawsuits within ninety-days of their dismissal fi*om the class action. Martin Marietta also contends that this court should not excuse the Armstrong plaintiffs’ failure to file their individual ADEA lawsuit within the statute of limitations period.
ISSUES
The sole issue we address is whether the tolling of the ninety-day statute of limitations of the ADEA, due to the claimants’ membership in the class action, remains tolled when the district court dismisses claimants from the pending class action in an interlocutory order.
DISCUSSION
We review the district court’s grant of summary judgment de novo. Jameson v. Arrow Co., 75 F.3d 1528, 1531 (11th Cir.1996). Title 29 U.S.C. § 626(e) requires an ADEA claimant to file a lawsuit within ninety days of receiving notice of the right to sue from the EEOC. Membership in a pending class action, however, tolls the ninety-day period for filing an individual lawsuit. See Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 352-53, 103 S.Ct. 2392, 2396-97, 76 L.Ed.2d 628 (1983). Title 29 U.S.C. § 216(b) authorizes an ADEA claimant to commence a class action or opt into an existing class action. See 26 U.S.C. § 626(b) (1994) (borrowing the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)); See also Grayson v. K Mart Corporation, 79 F.3d 1086, 1097 (11th Cir.1996) (an ADEA claimant must demonstrate that a reasonable basis, exists for his or her claim of class-wide age discrimination and make detailed allegations, supporting those allegations with affidavits). As the Supreme Court explained in Crown, Cork & Seal Co.:
‘[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.’ Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied.
Crown, Cork & Seal Co., 462 U.S. at 353-54, 103 S.Ct. at 2397-98 (quoting American Pipe & Construction Co. v. Utah, 414 U.S. 538, 554, 94 S.Ct. 756, 766-67, 38 L.Ed.2d 713 (1974)) (citations omitted). The tolling of the ninety-day statute of limitations protects the claimant in the event class certification is ultimately denied or vacated. Courts provide this protection because it is reasonable for such claimants to rely on the named plaintiffs in the pending class action to protect their rights. Crown, Cork & Seal Co., 462 U.S. at 352-53, 103 S.Ct. at 2396-97 (“Rule 23 both permits and encourages class members to rely on the named plaintiffs to press their claims.”); Griffin v. Singletary, 17 F.3d 356, 360 (11th Cir.1994) (“Insofar as the individual claims are concerned, punitive class members should be entitled to rely in a class action as long as it is pending.”). Neither this court nor other circuits, however, have addressed whether the ninety-day statute of limitations period remains tolled when the district court dismisses claimants from a pending class action in an interlocutory order. This question is of particular importance because at the time of dismissal claimants cannot appeal the district court’s dismissal order as of right because it is not a final judgment. See Fed.R.Civ.P. 54(b).
In this case, the district court held that section 626(e) bars the Armstrong plaintiffs’ individual ADEA lawsuit because they failed to commence their action within ninety days of receiving notice of their dismissal from the Carmichael class action. The district court found that in order for the Armstrong plaintiffs to timely file their individual lawsuits under section 626(e), they were required to file a lawsuit on or before July 7, 1994; the Armstrong plaintiffs, however, filed their lawsuit on October 11,1994. The Armstrong plaintiffs argue that the district court erred in holding that section 626(e) barred their ADEA claims. They contend that the ninety-day filing period remained tolled even after their dismissal from the class action because the district court’s order constituted an *1509 unappealable order under rule 54(b) of the Rules of Civil Procedure. Specifically, the Armstrong plaintiffs argue that the dismissal order did not have the effect of commencing the ninety-day statute of limitations because the district court in Carmichael dismissed their claims without prejudice; therefore, the district court could have vacated its order any time before final judgment. See Fed. R.Civ.P. 54(b). Based on this reasoning, the Armstrong plaintiffs contend that tolling of the ninety-day filing period does not end until the district court enters a final judgment in the Carmichael action.
Martin Marietta concedes that the Armstrong plaintiffs’ status as opt-in plaintiffs in the class action tolled the ninety-day filing period under section 626(e), but argues that the tolling of the ninety-day filing period ceased and the ninety-day filing period resumed when the district court dismissed the appellants from the Carmichael action. Martin Marietta also contends that this is a just result because the Armstrong plaintiffs could not reasonably rely on the class to represent their interests after receiving notice of their dismissal.
As previously discussed, courts will not toll the running of the statute of limitations if claimants unreasonably relied on the pending class action to protect their rights. Crown, Cork & Seal Co., 462 U.S. at 352-53, 103 S.Ct. at 2396-97. Thus, the central question in this case is whether it is reasonable for claimants to rely on a pending class action to protect their rights after their dismissal from the class action when the district court’s dismissal order is subject to revision at any time before the entry of final judgment and is unappealable until entry of final judgment. Federal Rule of Civil Procedure 54(b) provides:
any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all claims and the rights and liabilities of all the parties.
Fed.R.Civ.P. 54(b) (emphasis added). Although rule 54(b) permits the court, upon a party’s motion for entry of final judgment, to direct final judgment as to one or more but fewer than all the parties in a class action where “no just reason for delay exists,” the court is not required to enter final judgment in an action involving multiple parties. Fed. R.Civ.P. 54(b).
In the context of class actions, the “interlocutory” status of the dismissal order does not negate the fact that the claimants lose their membership in the class action. This loss of membership, however, may only be temporary because the district court may reconsider its dismissal order and vacate the order, or upon final judgment the claimants may appeal their dismissal and the appellate court may reverse the district court’s decision. For these reasons, we hold that claimants dismissed from a class action may: (1) within the remaining time before the statute of limitations runs, file an individual lawsuit thereby rendering any appeal of their dismissal from the class action moot; or (2) await final judgment in the class action, appeal from that final judgment, and if not successful file an individual lawsuit within the time that remained at the time of their dismissal; or (3) before the running of the statute of limitations, move for an interlocutory appeal. If the district court certifies the issue for interlocutory appeal, interlocutory appeal is taken, and the district court is affirmed, tolling of the running of the statute of limitations ceases and the claimant may file an individual lawsuit before the statute of limitations runs. If the district court declines to certify the issue for appeal or an interlocutory appeal is not taken, the claimant may file an individual lawsuit within the time remaining or exercise option 2 and await final judgment.
Our holding today promotes section 216(b) because it eliminates the need for claimants who intend to appeal their dismissal from the class action to file individual lawsuits while awaiting final judgment and avoids “needless multiplicity of actions — precisely the situation that [class actions] and the tolling rule of American Pipe were designed to avoid.” Crown, Cork & Seal Co., 462 U.S. at 351, 103 *1510 S.Ct. at 2396. In addition, this requirement discourages claimants who have opted into a pending class and are ultimately dismissed from taking no action during the pendency of the class action when they have no intention of appealing their dismissal from the class.
Moreover, the interests of justice necessitate our extending the application of the class action tolling rule for several reasons. First, “[c]lass members who do not file [an individual lawsuit] whole the class action is pending cannot be accused of sleeping on their rights.” Crown, Cork & Seal Co., 462 U.S. at 352, 103 S.Ct. at 2397. Second, ending the tolling of the statute of limitations under these circumstances, in effect, forces the claimants upon dismissal from a class action in an interlocutory order to choose between filing an individual lawsuit within the statute of limitations period or exercising their right to appeal their dismissal. Third, and most importantly, the tolling of the ninety-day statute “creates no potential for unfair surprise” because the class complaint notifies the defendants of the substantive claims, the number and “ ‘generic identities of the potential plaintiffs who may participate in the judgment.’” Crown, Cork & Seal Co., 462 U.S. at 353, 103 S.Ct. at 2398 (quoting American Pipe, 414 U.S. at 555, 94 S.Ct. at 767-68).
If we applied this new rule of law to this case, section 626(e) would bar the Armstrong plaintiffs’ individual actions because the Armstrong plaintiffs filed their individual ADEA lawsuit after the ninety-day statute of limitations had expired but before final judgment. We find this result unjust because the law prior to our holding today was silent on this issue. We therefore conclude that the Armstrong plaintiffs may continue their individual lawsuits in this case, but may not appeal the dismissal order or the final judgment in the Carmichael class action. Accordingly, we reverse the district court’s conclusion of law that section 626(e) bars the individual ADEA lawsuit as to these plaintiffs.
We find that our holding today renders the Armstrong plaintiffs’ remaining arguments moot; therefore, we summarily reject them without discussion.
CONCLUSION
For the foregoing reasons, we reverse the district court’s grant of summary judgment against the Armstrong plaintiffs and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.