[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13842
_____

D.C. Docket No. 3:13-cv-00931-BJD-JBT

EWING INDUSTRIES CORPORATION,
a Florida corporation, individually and as the
representative of a class of similarly-situated persons,

Plaintiff - Appellant,

versus

BOB WINES NURSERY, INC.,
ROBERT L. WINES,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 3, 2015)

Before TJOFLAT, COX, and SENTELLE,[*] Circuit Judges.

_____

[*]Honorable David Bryan Sentelle, United States Circuit Judge for the District of Columbia, sitting by designation.

COX, Circuit Judge:

This case presents the question of whether the pendency of a purported class action tolls the statute of limitations for a later class action seeking to represent the same class, when the original purported class action was dismissed due to the inadequacy of the class representative rather than a defect in the class itself. The district court held that the purported class action did not toll the statute of limitations for the later class action. We affirm. We hold that our decision in *Griffin v. Singletary*, 17 F.3d 356 (11th Cir. 1994) (hereinafter "*Griffin II*"), controls this case.

## I.    Facts and Procedural History

On January 12, 2010, Aero Financial, Inc. ("Aero") filed a class action complaint in Florida state court against the Defendants, Bob Wines Nursery, Inc. and Robert L. Wines, Jr. The complaint alleged that the Defendants sent unsolicited facsimile advertisements to the putative class in violation of the Telephone Consumer Protection Act. *See* 47 U.S.C. § 227(b)(1)(C). These claims are governed by a four-year statute of limitations. *See* 28 U.S.C. § 1658(a). The complaint alleged that the conduct took place in December of 2006, meaning that a little over three years had passed between the alleged conduct and the filing of the complaint.

2

On June 25, 2013, the Florida state court granted summary judgment in favor of the Defendants because Aero did not have standing. Aero did not have standing because the alleged unlawful faxes were not sent to Aero, and the attempted assignment of the claim to Aero was invalid. The Florida state court never ruled on the issue of class certification. The dispositive issue was a defect in the class representative, and the court never ruled on the whether the class itself was a proper class.

On August 2, 2013, the Plaintiff in this action, Ewing Industries Corporation ("Ewing"), filed a similar class complaint in federal court against the same Defendants containing similar allegations. Ewing is the only party seeking to represent the class as the named plaintiff in this action. Recognizing that more than four years had passed since the alleged conduct, the complaint alleges that the statute of limitations was tolled during the pendency of Aero's purported class action. On February 7, 2014, the Defendants filed a motion to strike the class allegations in Ewing's complaint, contending that the claims were barred by the statute of limitations. On June 26, 2014, the district court entered an order striking the class allegations in Ewing's complaint, holding that the claims were time-barred. The district court considered only the pleadings, and, relying on this court's decision in *Griffin II*, 17 F.3d at 359, concluded that the pendency of Aero's purported class action did not toll the statute of limitations for Ewing's

3

purported class action.  Because the district court struck the class allegations from Ewing's complaint, it denied Ewing's pending motion for class certification with prejudice.  Ewing appeals.

## II.    Discussion

The dispositive issue on this appeal is whether this court's decision in *Griffin II* controls the outcome in this case.  Ewing contends that *Griffin II* addressed a different factual scenario.  Ewing admits that if a purported class action reaches the class certification stage, and class certification is denied, there is no tolling for a subsequent class action based on the same conduct.  A contrary result would allow a purported class almost limitless bites at the apple as it continuously substitutes named plaintiffs and relitigates the class certification issue.  However, Ewing contends that when a class action fails due to the inadequacy of the class representative—rather than due to defects in the class itself—the statute of limitations is tolled.  In short, Ewing contends that every purported class should get at least one attempt at class certification.  The Defendants contend that *Griffin II* addressed the exact situation at issue here: the "piggybacking" of class actions one after another in an attempt to find an adequate class representative.  According to the Defendants, this court's opinion in *Griffin II* squarely rejected tolling in a case like this one.

4

We ordinarily review de novo a district court's decision on the pleadings. *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007). While we review decisions on class certification only for abuse of discretion, *see Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1388 (11th Cir. 1998), "[w]e decide pure law issues *de novo*, which is another way of saying that a ruling based on an error of law is an abuse of discretion." *Young v. New Process Steel, LP*, 419 F.3d 1201, 1203 (11th Cir. 2005) (citations omitted).

We begin by noting that the first purported class action in this case was filed in state court under the state equivalent of Federal Rule of Civil Procedure 23, while the second purported class action was filed in federal court under Rule 23. We consider the difference irrelevant for tolling purposes.

We now turn to this court's opinion in *Griffin II*. To understand the holding in *Griffin II*, a brief review of the facts and procedural history of that case is necessary, including its discussion of the related case of *Griffin v. Dugger*, 823 F.2d 1476 (11th Cir. 1987) (hereinafter "*Griffin I*").[1] The original plaintiff in *Griffin I* filed a class action in 1979, based on a theory that became known as the "across-the-board" approach to Title VII class actions. *See Griffin II*, 17 F.3d at 357. This theory—under Fifth Circuit precedent at the time—allowed a class

---

[1] Our discussion of *Griffin I* is relevant only for the purpose of understanding the procedural history—and thus the holding—of *Griffin II*. For this reason, we cite to *Griffin II* in describing the details of the *Griffin I* litigation, rather than to the *Griffin I* opinion itself.

representative to bring claims on behalf of a class that were different from his individual claims. *See id.* In 1980, the district court permitted the intervention of a second plaintiff. *See id.* In 1982, the Supreme Court reversed the Fifth Circuit precedent that allowed across-the-board class actions. *See General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157–61, 102 S. Ct. 2364, 2370–72 (1982). The Supreme Court held that "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Id.* at 156, 102 S. Ct. at 2370 (quotations omitted). After the Supreme Court's decision in *Falcon*, rather than decertify the class, the district court in *Griffin I* permitted the intervention of a third plaintiff in an attempt to ensure that the named plaintiffs properly represented the class. *See Griffin II*, 17 F.3d at 357–58.

In 1985, the district court certified for interlocutory appeal its decision to let the three named plaintiffs serve as class representatives. *See id.* at 358. In *Griffin I*, this court vacated the district court's order certifying the class. 823 F.2d at 1494. The class was decertified because none of the three named plaintiffs were proper representatives. *See Griffin II*, 17 F.3d at 358. The first and second plaintiffs were not proper representatives because they did not have constitutional standing under the Supreme Court's holding in *Falcon*. *See id.* As to the third plaintiff, he had constitutional standing but was precluded from bringing suit because he did not properly exhaust his administrative remedies. *See id.*

6

On remand from *Griffin I*, the parties sought to amend their complaints, and additional class representatives sought to intervene. *Id.* At the same time, a number of members of the purported class filed their own class complaints (hereinafter the "*Platt* plaintiffs"), seeking to represent the same class that was the subject of *Griffin I. Id.* The district court denied the *Griffin I* plaintiffs' motions to amend, denied intervention to the additional parties, and entered judgment for the defendants. In the related litigation involving the *Platt* plaintiffs, the district court struck the class allegations and denied class certification, concluding that the *Platt* plaintiffs' claims were untimely.[2] *Id.* at 359.

The *Griffin I* plaintiffs and the *Platt* plaintiffs both appealed, and the appeals were consolidated in *Griffin II*. Relevant for our purposes is this court's consideration in *Griffin II* of whether the *Platt* plaintiffs' claims were untimely, or whether the statute of limitations was tolled pending the *Griffin I* litigation. This court held that the statute of limitations was not tolled during the *Griffin I* litigation, and affirmed the judgment of the district court. *Id.* In reaching this conclusion, this court noted that "the pendency of a previously filed class action does *not* toll the limitations period for additional class actions by putative members of the original asserted class." *Id.* (citations omitted). The *Griffin II* court

---

[2]The timeliness issue with the *Platt* plaintiffs actually related to the filing of a charge with the Equal Employment Commission, rather than the filing of a complaint. *See Griffin II*, 17 F.3d at 358–59. The *Griffin II* court did not consider the distinction relevant, and the parties in this case make no attempt to distinguish *Griffin II* on this basis.

concluded that it does not matter whether the first purported class action fails due to the inadequacy of the class representative or due to defects in the class itself. While it is true that *Griffin II* involved claims that had reached the class certification stage and been decertified on appeal, the reason for decertification was the inadequacy of the class representatives, not the defectiveness of the class itself. Thus, Ewing's attempt to distinguish *Griffin II* is unconvincing.

If there is any doubt whether *Griffin II* governs this case, it is resolved by the following excerpt from this court's opinion in *Griffin II*,

> The plaintiffs may not "piggyback one class action onto another" *and thereby engage in endless rounds of litigation in the district court and in this Court over the adequacy of successive named plaintiffs to serve as class representatives*. This case illustrates the wisdom of the rule against piggybacked class actions. Fifteen years after the Griffin lawsuit was filed, the class action issues are still being litigated, and we decline to adopt any rule that has the potential for prolonging litigation about class representation even further.

*Id.* (citations omitted) (emphasis added).  *Griffin II* was concerned about the very issue we confront here: the potential for multiple rounds of litigation as the class seeks an adequate class representative.[3]

---

[3] The *Griffin II* court recognized that the pendency of a purported class action tolls the statute of limitations for subsequent *individual* actions by members of the original purported class. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756 (1974); *Griffin II*, 17 F.3d at 360.  The parties in this case do not dispute this.

8

Several other circuits that have considered this issue have either distinguished this court's decision in *Griffin II* or criticized and declined to follow it. According to the Seventh Circuit,

> [*Griffin II*] did not distinguish between a situation in which class status was denied in the first suit because the plaintiff was not a suitable representative, and a situation in which class status was denied because the other criteria of Rule 23(a) and (b) could not be met. These two situations seem to us different, for the reasons we have given. Perhaps the eleventh circuit would think so too . . . .

*Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, 642 F.3d 560, 564 (7th Cir. 2011); *see also In re Vertrue Inc. Mktg. and Sales Practices Litig.*, 719 F.3d 474, 480 n.2 (6th Cir. 2013) (distinguishing *Griffin II* on similar grounds); *Catholic Soc. Servs., Inc. v. I.N.S.*, 232 F.3d 1139, 1148–50 (9th Cir. 2000) (en banc) (same). And, according to the Third Circuit, "[w]hile [*Griffin II's*] denial of tolling for all sequential class action plaintiffs has the virtue of clarity and ease of application, it is also characterized by a rigidity which we reject." *Yang v. Odom*, 392 F.3d 97, 106 (3d Cir. 2004); *see also Great Plains Trust Co. v. Union Pac. Ry. Co.*, 492 F.3d 986, 997 (8th Cir. 2007) (interpreting Kansas's equivalent to Rule 23 and, while not addressing *Griffin II* directly, agreeing with the Third Circuit's analysis in *Yang*). For the reasons discussed above, we disagree with the courts that have distinguished *Griffin II* from facts similar to those in this case. As to the courts that have rejected our holding in *Griffin II*, the merits of the holding in *Griffin II* are not before us. Under our prior precedent rule, a panel cannot overrule a prior

9

panel's holding. *United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc).

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.