651 F.2d 387
 Jean P. LYNCH, Individually and on behalf of all persons
similarly situated, Plaintiffs-Appellants,
Jesse M. Hughes, et al., Intervening-Plaintiffs-Appellants,
v.
William J. BAXLEY, etc., et al., Defendants-Appellees.
 No. 80-7541.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B
 July 23, 1981.
 Copeland, Franco, Screws & Gill, Robert D. Segall, Montgomery, Ala., for plaintiffs-appellants.
 Julian Butler, Sp. Asst. Atty. Gen., Huntsville, Ala., for Baxley.
 Appeal from the United States District Court For the Middle District of Alabama.
 Before GODBOLD, Chief Judge, KRAVITCH, Circuit Judge, and THOMAS*, District Judge.
 GODBOLD, Chief Judge:
 
 
 1
 During the pendency of this class action challenging a state statute the statute was amended and the standing of the class representatives arguably destroyed. The district court dismissed the case on the ground there was no proof that the class representatives had standing to seek relief under the new statute. We reverse.
 
 
 2
 The action began more than seven years ago as an attack on the constitutionality of Alabama's involuntary civil commitment procedures for commitments to state mental health facilities. Lynch v. Baxley, 386 F.Supp. 378 (M.D. Ala. 1974). The district court certified a class of persons "who are now, or may be, involuntarily civilly committed in Alabama" and found that Alabama's then-existing commitment statutes violated due process because they provided inadequate notice, did not require the presence at hearing of the person to be committed, did not require counsel, and contained ill-defined standards for commitment.
 
 
 3
 In 1975 Alabama repealed the statutes and enacted new comprehensive legislation dealing with involuntary civil commitments, Alabama Code §§ 22-52-1, et seq. In 1975 the class moved for further relief, attacking in particular provisions of § 22-52-7 that under some conditions allow persons to be detained while awaiting the commitment hearing provided for under the new statute. Appellants retained the same class and class representatives as in the original action. Over defendants' objection to the class representatives' standing, the district court ordered that discovery be reopened for the purpose of preparing for a hearing on the merits of the motion for further relief. Discovery was carried out during the ensuing two years. A stipulation was entered into covering the evidence and the case submitted for decision on the evidence and briefs. The court, without acting on its own to redefine the class, dismissed the case without prejudice because there was no proof that the class representatives had standing to seek relief from the new statute. The plaintiffs appeal.
 
 
 4
 It seems likely that the original plaintiffs no longer have standing. At the time of the original suit Lynch was incarcerated under an involuntary commitment order. Her current status is unknown. Hughes, an intervenor in the original case, had been subjected to commitment proceedings but had been released. He was subject to commitment due to "admittedly eccentric habits," 386 F.Supp. at 384 n.1. We are not pointed to any evidence indicating that either of the original plaintiffs poses a substantial threat to himself or others and is therefore subject to emergency detention under § 22-52-7 of the new statute.
 
 
 5
 But the likely absence of standing is not the end of the matter. Even if the named plaintiffs lacked standing the class certified by the district court has a "legal status separate from the interest asserted by (the named plaintiffs)," Sosna v. Iowa, 419 U.S. 393, 399, 95 S.Ct. 553, 557, 42 L.Ed.2d 532, 540 (1975). The district court should not have dismissed the case without considering the effect of the new statute upon that class.
 
 
 6
 The Supreme Court's decision in Kremens v. Bartley, 431 U.S. 119, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977) provides guidance. Kremens involved a class action attacking Pennsylvania's civil commitment statutes for persons aged 18 or younger. The named plaintiffs were between 15 and 18 years old. After a three-judge district court certified the class and struck down the statutes, Pennsylvania repealed them and enacted similar statutes covering only persons aged 13 or under. Persons over 13 were treated as adults. The Supreme Court pointed out that the class had been truncated and compartmentalized by this intervening legislation, rendering moot not only the claims of the named plaintiff but also the claims of a large number of unnamed plaintiffs. The Court refused, therefore, to pass on the merits of the case but instead concluded that before the "live" claims of the fragmented subclasses remaining in the litigation could be decided on the merits the case must be remanded to the district court "for reconsideration of the class definition, exclusion of those whose claims are moot, and substitution of class representatives with live claims." 431 U.S. at 135, 97 S.Ct. at 1718, 52 L.Ed.2d at 196.
 
 
 7
 Here, as in Kremens, the contours of the class have been changed and the class truncated by intervening legislation. The motion for further relief attacks only new emergency detention provisions of the statute, not the general commitment provisions. The class of persons on whom these new emergency detention provisions would operate is a narrower group than the original class certified. Also, as in Kremens, the claims of this narrower class remain "alive." Under these circumstances we find that the district court erred in dismissing the case without giving members of the original class with live claims an opportunity to "become plaintiffs by amendment of the complaint or by intervention and thereby save the subclass action," Johnson v. American Credit Co. of Ga., 581 F.2d 526, 533 n.13 (5th Cir. 1978). See also, 7A C. Wright & A. Miller, Fed.Prac. & Proced., § 1790.[1]
 
 
 8
 We therefore reverse and remand the case to the district court with instructions to allow time for the intervention of a named plaintiff with standing to represent the interests of the subclass with live claims against the new emergency detention statute, see Silva v. Vowell, 621 F.2d 640, 649-50, 654 (5th Cir. 1980), cert. denied, --- U.S. ----, 101 S.Ct. 941, 67 L.Ed.2d 111 (1981).
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 District Judge for the Southern District of Alabama, sitting by designation
 
 
 [1]
 The district court's dismissal order rendered useless discovery which has been carried out during a two year period. Efficient judicial administration weighs in favor of allowing an opportunity for a new and proper class representative to enter the case and litigate the interests of the subclass