THIGPEN, Judge.
This is a recommitment case.
In March 1993, the designee of John T. Bartlett, the Director of Searcy Hospital (Bartlett), petitioned to renew the inpatient commitment of Yvonne Howell to the custody of the State Department of Mental Health and Mental Retardation (Department). In April 1993, following an ore tenus proceeding, the Probate Court of Mobile County granted the petition, renewing Howell’s commitment for a period not to exceed one year. Howell appeals.
At the outset, we note that recommitment hearings in Alabama proceed under the auspices of Ala.Code 1975, §§ 22-52-1, et seq. Such hearings must also comport with the procedures and standards mandated for initial commitments as set forth by the federal district court in Lynch v. Baxley, 386 F.Supp. 378 (M.D.Ala.1974), rev’d on other grounds, 651 F.2d 387 (5th Cir.1981). Thomas v. State Dept. of Mental Health and Mental Retardation, 620 So.2d 18 (Ala.Civ.App.1992).
In its order renewing Howell’s commitment, the probate court stated, in pertinent part:
“The Court finds from clear and convincing evidence adduced in open hearing that said respondent is mentally ill; that as a result of the mental illness, the respondent will, if not treated, continue to suffer mental distress and will continue to experience deterioration of the ability to function independently; that the respondent is unable to make a rational informed decision as to whether treatment for the mental illness would be desirable; that the respondent *73 poses a real and present threat of substantial harm to herself and others; that said respondent has committed an overt act for which a factual basis for continued confinement has been shown and is supported by clear and convincing evidence; that there is treatment available for the mental illness diagnosed; that inpatient commitment to the Alabama Department of Mental Health or its designated facility is the least restrictive alternative necessary and available for the treatment of the person’s mental illness; and accordingly, said petition is due to be granted.”
The probate court’s order closely parallels the requirements mandated by Ala.Code 1975, §§ 22-52-10(a)(4) and -37(a)(7), as well as the criteria established by Lynch.
On appeal, Howell contends that the evidence adduced at the recommitment hearing was insufficient to support the probate court’s order. Primarily, Howell contends that Bartlett did not present sufficient evidence to prove clearly and convincingly that she had committed a recent overt act, demonstrating that she posed a real and present threat of substantial harm to herself or to others.
A trial court’s findings of fact in an ore tenus proceeding have a presumption of correctness, and we will not reverse the trial court’s judgment on appeal unless it is shown to be plainly and palpably wrong. Taylor v. State Dept. of Mental Health and Mental Retardation, 617 So.2d 282 (Ala.Civ.App.1992).
During the recommitment hearing, Dr. Rebecca Kloker, Howell’s treating psychiatrist at Searcy Hospital, testified that Howell currently suffers from a mental illness diagnosed as “[c]hronie paranoid schizophrenia as well as anxiety disorder, not otherwise specified.” According to Dr. Kloker, Howell’s illness manifests itself by way of chronic bizarre physical complaints and daily requests to be seen by a physician. Dr. Kloker testified that Howell claimed that she had been raped and attacked by numerous people; that she felt like she had been shot because she heard a boom and her stomach hurt; and that her therapist blinked her eyes in such a way as to make Howell’s stomach hurt. Additionally, Dr. Kloker stated that Howell exhibited an unusual number of so-matizations or physical complaints of a bizarre and impossible nature, such as tasting her liver and feeling her hair growing.
According to Dr. Kloker, long-term placement at home was not an option for Howell, due to her unfounded suspicions of her family during previous visits which required her to return to the hospital. The doctor further testified that Howell was being treated with psychotropic medication and was not presently a suitable candidate for release or for transfer to a less restrictive environment. Dr. Kloker opined that, were Howell released, she would be unable to take care of herself; that she would have difficulty interacting appropriately with others concerning even basic needs; and that injury to others would be likely if Howell became assaultive. Dr. Kloker additionally stated that within the past two months, Howell had engaged in “very serious assaultive behavior toward others.” It was Dr. Kloker’s opinion that Howell posed a real, and equally dangerous, present threat of substantial harm to herself and others.
Dr. Kloker based her opinion upon her personal observation of Howell’s behavior and her review of Howell’s patient record, which detailed the following: On February 1, 1993, Howell accused a mental health worker of trying to cut Howell’s head off and of putting a wire around her neck; on February 3, 1993, Howell accused another patient of a sexual assault; on February 11,1993, Howell was placed in seclusion for assaulting several mental health workers by kicking and striking at them, and breaking the glasses of a staff member. The overall tenor of Dr. Kloker’s testimony indicated that Howell was frequently combative with the staff and with other patients.
While testifying on her own behalf, Howell was questioned concerning her assaultive behavior. Howell responded that she had been repeatedly raped while in the hospital and that “when I get scared, I hit somebody usually.”
We conclude that, in the context of this proceeding for recommitment, Dr. Kloker’s *74 testimony was sufficient to support the trial' court’s finding that the overt acts were of a contemporaneous nature and that these acts evidence Howell’s possible danger to herself and others, justifying recommitment. The facts and occurrences attested to by Dr. Kloker create more than a mere expectancy that Howell, if discharged or placed in a less restrictive environment, might engage in danger-producing behavior, and they also clearly and convincingly lay a basis for the conclusion that Howell’s continued custody and treatment by the Department were necessary. Lynch, supra.
Having found' no error in the judgment of the probate court, that judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.