RICHARD L. HOLMES, Retired Appellate Judge.
This is a recommitment case.
The controlling case law for the instant case has been addressed in Thomas v. State Dep’t of Mental Health & Mental Retardation, 620 So.2d 18 (Ala.Civ.App.1992). In Thomas, the applicability of Wyatt v. King, 773 F.Supp. 1508 (M.D.Ala.1991), and Lynch v. Baxley, 386 F.Supp. 378 (M.D.Ala.1974), rev’d on other grounds, 651 F.2d 387 (5th Cir.1981), to recommitment cases in Alabama was discussed.
In September 1993 the designee of the Director of Searcy Hospital filed a petition to renew the inpatient commitment of Bufford Crenshaw to the custody of the Alabama Department of Mental Health and Mental Retardation (Department).
Following an ore tenus hearing, the probate court granted the petition, renewing the commitment of Crenshaw for a period not to exceed 180 days. Crenshaw appeals.
The dispositive issue is whether the Department presented sufficient evidence that Crenshaw had committed a recent overt act, demonstrating that he posed a real and present threat of substantial harm to himself or others, as required by Lynch, 386 F.Supp. 378, and discussed in Thomas, 620 So.2d 18.
Our review of the record reveals that Crenshaw’s treating psychologist testified at the recommitment hearing. The psychologist stated that Crenshaw’s diagnosis was chronic paranoid schizophrenia, which is a mental illness. This illness manifests itself when Crenshaw tends to have odd beliefs, including a belief that others are controlling his mind.
The testimony of the psychologist indicated that Crenshaw is being treated with medication and is actively involved in day treatment and vocational recreation activities. Although Crenshaw is on medication and the problem of assaultive and threatening behavior experienced before his admission is primarily under control in his present setting, there was an incident of threatening behavior noted in his chart on September 13, 1993.
The treating psychologist opined that, if released, Crenshaw would pose a real and present threat of substantial harm to himself and others. It was his opinion that the Department currently provided the least restrictive setting necessary for Crenshaw’s care.
We note that Crenshaw testified at the hearing. He stated that he does not need his medication.
In the context of this proceeding for re-commitment, we conclude that the testimony of the treating psychologist provided a sufficient, factual basis to support the finding of the probate court that there had been a “recent overt act,” evidencing Crenshaw’s dangerousness to himself and others and justifying recommitment. The facts and occurrences referred to in the testimony of the treating psychologist create more than a mere expectancy that Crenshaw, if released, or if placed in a less restrictive environment, might engage in behavior which would pose a substantial threat of harm to himself or others. These same facts and occurrences are also clearly and convincingly the basis for the conclusion that Crenshaw’s continued custody and treatment by the Department Was necessary. Lynch, 386 F.Supp. 378; Thomas, 620 So.2d 18.
We find no error on the part of the probate court in entering an order renewing inpatient commitment. We affirm.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.