RICHARD L. HOLMES, Retired Appellate Judge.
This is a recommitment case.
The controlling case law for the instant case has been addressed in Thomas v. State Dep’t of Mental Health & Mental Retardation, 620 So.2d 18 (Ala.Civ.App.1992). In Thomas, the applicability of Wyatt v. King, 773 F.Supp. 1508 (M.D.Ala.1991), and Lynch v. Baxley, 386 F.Supp. 378 (M.D.Ala.1974), rev’d on other grounds, 651 F.2d 387 (5th Cir.1981), to recommitment eases in Alabama was discussed.
In September 1994 the designee of the Director of Searcy Hospital filed a petition to renew the inpatient commitment of Gilbert Robinson to the custody of the Alabama Department of Mental Health and Mental Retardation (Department).
Following an ore tenus hearing, the probate court granted the petition, renewing the commitment of Robinson for a period not to exceed one year. Robinson appeals.
The dispositive issue is whether the Department presented sufficient evidence that Robinson had committed a recent overt act, demonstrating that he posed a real and present threat of substantial harm to himself or others, as required by Lynch, 386 F.Supp. 378, and discussed in Thomas, 620 So.2d 18.
Our review of the record reveals that Robinson’s treating psychiatrist testified at the recommitment hearing. The psychiatrist stated that Robinson’s diagnosis was chronic paranoid schizophrenia, which is a mental illness. This illness manifests itself during the times when Robinson believes that he has millions of dollars on deposit in various banks.
The psychiatrist testified that Robinson continues to be extremely delusional, despite treatment with anti-psychotic medication. The psychiatrist stated that Robinson has had verbal and physical altercations with other patients since his commitment and that he has been agitated and aggressive on several occasions. The psychiatrist also testified that Robinson has refused medication and has stated that he would discontinue taking the medication after his release. The psychiatrist’s testimony indicated that Searcy Hospital had been notified that Robinson had called a bank and demanded his money, even though he had no account at that bank.
The psychiatrist opined that, if released, Robinson would pose a real and present threat of substantial harm to himself and others. It was her opinion that the Department currently provided the least restrictive setting necessary for Robinson’s care.
In the context of this proceeding for re-commitment, we conclude that the testimony of the treating psychiatrist provided a sufficient, factual basis to support the finding of the probate court that there had been a “recent overt act,” evidencing Robinson’s dangerousness to himself and others and justifying recommitment. The facts and occurrences referred to in the testimony of the psychiatrist create more than a mere expectancy that Robinson, if released, or if placed in a less restrictive environment, might engage in behavior which would pose a substantial threat of harm to himself or others. These same facts and occurrences are also clearly and convincingly the basis for the conclusion that Robinson’s continued custody and treatment by the Department is neces *904 sary. Lynch, 386 F.Supp. 378; Thomas, 620 So.2d 18.
We find no error on the part of the probate court in entering an order renewing inpatient commitment. We affirm.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.