CRAWLEY, Judge.
In June 1996, William F. Kringel, Ph.D., as the designee of the director of Searcy Hospital, petitioned to renew the inpatient commitment of Louis Williams. Following ore tenus proceedings, the trial court renewed Williams’s commitment for a period not to exceed one year. Williams appealed; he argues that the trial court erred in renewing his inpatient commitment.
Recommitment proceedings are governed by the procedures set out in Ala.Code 1975, § 22-52-1 et seq., and the due process requirements of Lynch v. Baxley, 386 F.Supp. 378 (M.D.Ala.), rev’d on other grounds, 651 *25 F.2d 387 (5th Cir.1981). Section 22-52-10.4 provides the following:
“A respondent may be committed to inpatient treatment if the probate court finds, based upon clear and convincing evidence that: (i) the respondent is mentally ill; (ii) as a result of the mental illness the respondent poses a real and present threat of substantial harm to self and/or others; (iii) the respondent will, if not treated, continue to suffer mental distress and will continue to experience deterioration of the ability to function independently; and (iv) the respondent is unable to make a rational and informed decision as to whether or not treatment for mental illness would be desirable.”
Dr. Shelby Bruton, Williams’s treating psychiatrist, testified. Dr. Bruton diagnosed Williams as a paranoid schizophrenic and explained that his illness causes Williams to have delusions, suspicions of others, agitation, and hostility that has manifested itself in attacks on others. Dr. Bruton testified that Williams has accused hospital employees and patients of asking him for sexual favors. Dr. Bruton treats Williams with medication, psychotherapy, individual counseling, and activities. Dr. Bruton testified that Williams often refuses to take his medication and often does not participate in his treatment program.
Dr. Bruton testified that if Williams did not take his medication then his condition would deteriorate, with auditory delusions and increased violence toward others. Dr. Bruton also testified that Williams is a present danger to himself and others. Dr. Bru-ton testified that Williams had recently attacked a hospital social worker and that Williams had approached other patients for sexual favors. Dr. Bruton testified that Williams has hepatitis B, which is transmitted sexually, and that Williams does not comprehend that his condition is contagious. Dr. Bruton also testified that if Williams did not take his medication then his psychosis would become more severe and he would not return to his prior functional level.
Williams testified that Dr. Bruton is lying and that he did not hit the social worker with a chair, but rather placed the chair over her head. Williams also testified that no one had asked him for sexual favors.
We conclude that the hospital presented clear and convincing evidence that Williams is mentally ill, that he is a present threat to himself and others, and that he is not able to make a rational decision regarding his treatment. Therefore, we affirm the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.