[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2006
THOMAS K. KAHN
CLERK

No. 05-13740
Non-Argument Calendar

_____

D. C. Docket No. 04-02162-CV-TMP-W

BETTY LOU BAILEY, individually
and on behalf of all others
similarly situated,

Plaintiff-Appellant,

versus

CUMBERLAND CASUALTY & SURETY COMPANY,
DORINCO REINSURANCE COMPANY,
JOSEPH M. WILLIAMS,
CAROL S. BLACK,
FERNANDO RUIZ,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 11, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Betty Lou Bailey appeals the dismissal with prejudice of her putative class action on the ground that the statute of limitations for her securities fraud claims had expired. Bailey argues that the magistrate judge erroneously determined that her cause of action accrued when she was first notified that her investment was no longer insured. Bailey also argues that the magistrate judge abused his discretion when he declined to grant leave to amend. We affirm.

## I. BACKGROUND

In fall 1998, an investment advisor representing Associated Investment Management, Inc. (AIM), a securities brokerage firm, contacted Bailey. AIM offered Bailey the opportunity to invest in its Insured Risk Management Program. Under the Program, AIM would manage Bailey's investment by purchasing and selling shares in mutual funds. Bailey would receive a percentage of the profits from this trading, but the key feature of the Program was that the principal she invested would be insured against loss. The Program required Bailey to continue her investment for five years.

In October 1998, Bailey invested approximately $44,000 in the Program. On October 16, 1999, Bailey "rolled up" the to-date profits of her account, which

was then valued at more than $48,000. By "rolling up" her account, Bailey renewed the five-year investment period.

The Cumberland Casualty and Surety Company and Dorinco Reinsurance Company, defendants in this action, provided the insurance for the Program through an agreement with AIM. This agreement limited AIM to certain "trading protocols" when managing accounts in the Program, but AIM did not follow these protocols. In April 2001, Cumberland and Dorinco cancelled the insurance policy covering the Program.

In May 2001, AIM or one of its agents notified Bailey that the insurance coverage of her investment account had been cancelled by Cumberland and Dorinco. The letter stated that AIM believed the cancellation was wrongful and that AIM would contest it. The letter also advised Bailey that she was still "bound" by the five-year investment period.

The value of Bailey's account steadily declined from 2000 until the expiration of her investment period on October 16, 2004. In July 2004, Bailey and other investors in the Program filed this action against Cumberland, Dorinco, and several of their employees (but not AIM or its employees). The putative class alleged the defendants violated section 10(b) of the Securities Exchange Act, 15

3

U.S.C. § 78j, and various state laws. The parties consented to the exercise of dispositive jurisdiction by a magistrate judge. <u>See</u> 28 U.S.C. § 636(c).

Cumberland and Dorinco moved to dismiss for failure to state a claim and failure to file within the statute of limitations. The magistrate judge found that Bailey's cause of action against Cumberland and Dorinco accrued when she was notified that the insurance companies had cancelled their coverage of the Program and expired well before July 2004. The magistrate judge also found that Bailey was not entitled to equitable tolling because the assertions of AIM that the insurance would be reinstated could not be attributed to Cumberland or Dorinco. The magistrate judge alternatively concluded that Bailey failed to plead with particularity her claim under section 10(b).

The magistrate judge dismissed with prejudice Bailey's section 10(b) claim. Bailey's state-law claims were dismissed without prejudice. The magistrate judge denied the other members of the putative class leave select another representative.

## II. STANDARD OF REVIEW

This Court reviews <u>de novo</u> the grant of a motion to dismiss and "accepts as true the factual allegations in a plaintiff's complaint and construes the facts in the light most favorable to a plaintiff." <u>Kirwin v. Price Commc'ns Corp.</u>, 391 F.3d 1323, 1325 (11th Cir. 2004). "We review the district court's refusal to grant leave

4

to amend for abuse of discretion, although 'we review <u>de novo</u> the underlying legal conclusion of whether a particular amendment to the complaint would be futile.'" <u>Ziemba v. Cascade Int'l, Inc.</u>, 256 F.3d 1194, 1199 (11th Cir. 2001) (quoting <u>Harris v. Ivax Corp.</u>, 182 F.3d 799, 802 (11th Cir. 1999)).

## III. DISCUSSION

Our discussion is divided into two parts. First, we address Bailey's argument that dismissal under Rule 12(b)(6) was erroneous. Because we conclude that the statute of limitations expired, we decline to address whether Bailey pleaded with particularity her securities fraud claim. Second, we discuss whether the magistrate judge abused his discretion when he declined to grant the putative class leave to identify another lead plaintiff.

### A. Bailey Failed to File Her Securities Fraud Claim Within the Statute of Limitations.

The statute of limitations for private suit under section 10(b) of the Exchange Act begins to run at the "discovery of the facts constituting the violation." <u>Theoharous v. Fong</u>, 256 F.3d 1219, 1228 (11th Cir. 2001) (quoting <u>Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson</u>, 501 U.S. 350, 364, 111 S. Ct. 2773, 2782 (1991)). "Discovery occurs when a potential plaintiff has inquiry or actual notice of a violation." <u>Id.</u> (quoting <u>Kauthar SDN BHD v. Sternberg</u>, 149 F.3d 659, 670 (7th Cir. 1998)). "Inquiry notice is triggered by evidence of the

5

possibility of fraud, not full exposition of the scam itself." Id. at 1228 (quoting Sterlin v. Biomune Sys., 154 F.3d 1191, 1203 (10th Cir. 1998)). The statute of limitations begins to run as soon as the plaintiff is "on notice that something may have been amiss." Id. (quoting Sterlin, 154 F.3d at 1203).

The statute of limitations for Bailey's securities fraud claim against Cumberland and Dorinco began to run when she received the letter that they no longer insured the Program. The letter provided actual notice to Bailey that Cumberland and Dorinco would not perform under their agreement with AIM, and she was at least on inquiry notice that the Program would not be insured at all. The assurances of AIM that it would seek to reinstate the insurance coverage may have been enough to trigger equitable tolling against AIM, but not against Cumberland and Dorinco.

With May 2001 as the time of accrual of Bailey's action, even the longer statute of limitations under the Sarbanes-Oxley Act expired well before Bailey filed her action in July 2004. See 28 U.S.C. § 1658(b) (defining the statute of limitations as "the earlier of—(1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation"). Because amendment of Bailey's complaint would not have remedied this defect, granting

6

leave to amend would have been futile.  See Harris, 182 F.3d at 807-08.  The magistrate judge did not err when he dismissed Bailey's complaint with prejudice.

### B.  The Magistrate Judge Did Not Abuse His Discretion When He Denied the Putative Class Leave to Identify Another Lead Plaintiff.

Bailey argues that the magistrate judge abused his discretion because he denied the putative class the opportunity to identify another lead plaintiff, but Bailey cites no authority for this proposition.  Each of the cases cited by Bailey deals with a class that was already certified.  See, e.g., Birmingham Steel Corp. v. TVA, 353 F.3d 1331, 1340 (11th Cir. 2003).  In Birmingham Steel, we reversed the decertification of a class based on the inadequacy of the class representative when the district court failed to provide leave to find a suitable substitution.  Id. at 1342.  Central to our decision was that "once certified, a class acquires a legal status separate from that of the named plaintiffs."  Id. at 1336 (citing Lynch v. Baxley, 651 F.2d 387, 388 (5th Cir. Unit B July 1981)); see also Sosna v. Iowa, 419 U.S. 393, 399, 95 S. Ct. 553, 557 (1975).

The putative class represented by Bailey was never certified and never achieved this separate legal status.  Further, the members of the putative class are not prejudiced by the decision of the magistrate judge because their individual claims were tolled from the time the class action was filed until the complaint was

7

dismissed.  See Griffin v. Singletary, 17 F.3d 356, 360 (11th Cir. 1994) (quoting

Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 353-54, 103 S. Ct. 2392, 2397-

98 (1983)).  The magistrate judge did not abuse his discretion when he denied the

putative class the opportunity to identify another lead plaintiff.

## IV.  CONCLUSION

Because Bailey's complaint is barred by the statute of limitations and the

magistrate judge did not abuse his discretion when he denied the putative class the

opportunity to identify another lead plaintiff, we

**AFFIRM**.