**Ariff ALIDINA, Plaintiffs,**

v.

**PENTON MEDIA, INC. and INTERNET WORLD MEDIA, INC., Defendants.**

**No. 98 CIV. 8474(JES).**

United States District Court, S.D. New York.

May 11, 2001.

Milberg Weiss Bershad Hynes & Lerach LLP (Sanford P. Dumain, Samuel H. Rudman, Susan M. Greenwood, Of Counsel), New York City, for Plaintiffs.

Jones, Day, Reavis & Pogue (Michael J. Templeton, Thomas E. Albright, Of Counsel), New York City, for Defendants.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

The above-captioned action comes before the Court upon remand by the Second Circuit for reconsideration of the denial of class representative status to plaintiff Mohamed Alidina ("Mohamed") in light of the Second Circuit's decision in *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52 (2d Cir.2000). For the following reasons, the Court hereby certifies this action as a class action and appoints plaintiff Mohamed as class representative.

## BACKGROUND

Plaintiffs here allege a violation of the "best price" tender offer rules under section 14(d)(7) of the Securities Exchange Act ("the Exchange Act") by defendants Penton Media, Inc. and subsidiary Internet World Media, Inc. ("the defendants") in connection with their tender offer for all outstanding shares of Mecklermedia Corporation ("Mecklermedia"). *See* Affidavit of Susan M. Greenwood in Support of Motion for Intervention and Class Certification dated March 3, 2000, Exhibit ("Exh.") 2, Proposed Amended Complaint at ¶¶ 53–58. Specifically, plaintiffs claim that to induce Mecklermedia Chairman, CEO and shareholder Alan Meckler ("Meckler") to accept the tender offer, defendants offered Meckler more consideration than other shareholders in the form of an option to buy back valuable Mecklermedia assets at a substantial discount following consummation of a second-step merger. *See id.* at ¶ 3. Such offer was made in addition to the payment of $29.00 per share tendered by Meckler, the same amount that all tendering shareholders, including plaintiff Mohamed, were paid. *See id.*

This action was initially commenced by Mohamed's son, Ariff Alidina ("Ariff") and David Swart ("Swart") on behalf of themselves and all others similarly situated. Upon being appointed Lead Plaintiffs pursuant to the Private Securities Litigation and Reform Act ("PSLRA"), *see* Order dated September 15, 1999, plaintiffs Ariff and Swart moved for class certification before the Honorable Kevin Thomas Duffy of this Court. Judge Duffy denied the motion for class certification, finding both plaintiffs were subject to atypical defenses and accordingly that "class certification [was] denied at least until such time as a true representative of the class comes forward to maintain the suit." Memorandum Opinion and Order dated January 26, 2000 ("January 26, 2000 Order"). Judge Duffy further ordered that this action be placed on the Suspense Docket of this Court "[w]hile awaiting that development." *See id.*

Plaintiffs Ariff and Swart thereafter moved for reconsideration of Judge Duffy's decision, and plaintiffs Mohamed and Marion Jack Rickard ("Rickard") further moved to intervene in this action and for class certification. *See* Memorandum of Law in Support of Motion for Intervention and Class Certification dated March 3, 2000. Judge Duffy subsequently denied reconsideration with respect to plaintiffs Ariff and Swart, but granted Rickard and Mohamed's motion to intervene. *See* Summary Order dated May 2, 2000. However, the Court denied Rickard and Mohamed's motion for class certification, finding that Rickard was subject to unique defenses and that Mohamed was likewise inadequate because "he possesse[d] questionable knowledge of the facts of this case" and because he was "merely attempting to circumvent this Court's decision that his son, Ariff Alidina[,] was an unacceptable class representative." *Id.* In rendering this decision, Judge Duffy relied upon the decision rendered in *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 185 F.R.D. 172, 175 (S.D.N.Y.1999), a decision subsequently vacated by the Second Circuit and referenced in the instant order of remand. *See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52 (2d Cir.2000).

Following remand, the Court ordered that the parties submit additional briefing addressing issues raised by *Baffa*. *See* Plaintiffs' Memorandum Regarding the Second Circuit's *Baffa* decision and in Further Support of Motion for Class Certification dated January 26, 2001 ("Plaintiff's *Baffa* Memo."); Defendants' Memorandum in Opposition to Certification of Mohamed Alidina as Class Representative Upon Reconsideration ("Defendants' *Baffa* Memo."). The parties have each submitted materials in accordance with this Order and in addressing the instant motion for reconsideration, the Court has reviewed these materials in addition to all other materials previously submitted regarding plaintiffs' motions for class certification.

## DISCUSSION

At the outset, this Court limits its reconsideration of previous decisions to the issue of whether Mohamed Alidina may properly serve as a class representative in this action. While plaintiff requests that the Court also reconsider its denials of class representative status to Ariff, Swart and Rickard, such consideration is improper as the Second Circuit's remand was only for the limited purpose of reconsideration of the adequacy of potential class representative Mohamed in light of the recent *Baffa* decision. Moreover, the Court's previous decisions constitute the law of the case, *see Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992), and, in any event, this Court's conclusion that Mohamed is an adequate class representative renders reconsideration of the propriety of other class representatives unnecessary. Similarly, the Court denies defendant's request for reconsideration of Judge Duffy's decision to permit the intervention of Mohamed and Rickard in this action, and, in any event, finds the arguments against such intervention to be without merit.[1]

1. In this respect, defendants have failed to present the Court with any credible evidence that Congress under the PSLRA intended to preclude intervention and certification of non-Lead Plaintiffs when previously appointed Lead Plaintiffs have been disqualified as unsuitable class representatives. Moreover, while defendants claim that the intervenors' claims are time-barred because any tolling of the limitations period concluded when Ariff and Swart were disqualified as class representatives, the Court finds that this tolling period continued in effect despite such disqualification. This is because, prior to the

With respect to Mohamed, defendants argue that Mohamed is an inadequate class representative because he has insufficient knowledge of the case and because he was only willing to enter this case at his son's insistence once his son had been disqualified as a class representative. The Court, however, finds such arguments without merit under *Baffa* and concludes that plaintiff Mohamed will fairly and adequately protect the interests of the proposed class.

■ In *Baffa,* the proposed class plaintiff was an eighteen-year-old that had recently acquired full rights to securities held for him by his father in a UGMA account. *See Baffa,* 222 F.3d at 55. Upon his father's disqualification as a class representative, plaintiff moved to intervene as class representative, a motion denied by the District Court which found plaintiff was inadequately informed of the basic facts in the litigation and was overly reliant on his father and attorneys for advice. *See id.* at 60 n. 4. In reversing, the Second Circuit emphasized that this "harsh application" of the knowledge requirement was inappropriate, and that reliance on counsel and father for advice did not disqualify plaintiff. *See id.* at 61. Rather, the Court stressed that despite plaintiff's age and his reliance on others, he understood his proposed role as class representative, expressed a willingness to carry the case forward, and had reviewed information with his attorneys that was central to the allegations made in the complaint. *See id.* at 61–62.

Similarly, plaintiff Mohamed's deposition testimony demonstrates that he fully understood his role as class representative, that he was willing to carry the suit forward, and that he was comfortable directing class counsel on behalf of the class. *See* Affidavit of Thomas E. Albright in Opposition to Motion to Intervene dated March 27, 2000, Exh. B, Deposition Transcript of Mohamed Alidina dated March 16, 2000 ("Moh.Tr.") at 25–26, 54,56–57, 59–61. Moreover, under *Baffa,* it is clear that plaintiff has sufficient understanding of the facts underlying this action, as he was able to fully describe the facts underlying his claim, including the amount and type of allegedly improper consideration paid to shareholder Meckler in connection with the tender offer. *See id.* at 44–45, 50.

■ Finally, contrary to defendant's claims, the Court finds that plaintiff's relationship with his son, disqualified representative Ariff, has no real relevance to this dispute. In this respect, plaintiff's deposition demonstrates that he is a sophisticated, retired professor of accounting, that he has a sizable investment portfolio which included 5000 shares of Mecklermedia before they were tendered, and that he makes his investment decisions—including the decision to buy Mecklermedia stock—independently of his son. *See id.* at 6–7, 11, 15–16, 18–19, 22, 24. In such circumstances, it is clear that plaintiff Mohamed in his own right will adequately and fairly represent the

application for intervention, Judge Duffy never found class certification inappropriate *per se,* but rather focused on the inadequacy and atypicality of proposed plaintiffs Ariff and Swart. *See American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 550–51, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *Korwek v. Hunt,* 827 F.2d 874, 879 (2d Cir.1987) (holding that tolling was inappropriate in those circumstances where a "subsequent class action [had been filed] following a definitive determination of the inappropriateness of class certification"); *Shields v. Washington Bancorp.,* No. 90–1101, 1992 WL 88004 (D.D.C.1992). *See also* January 26, 2000 Order at 2 (holding that "class certification is denied at least until such time as a true representative of the class comes forward to maintain the suit" and that the action was to be placed on the suspense docket "[w]hile awaiting this development.").

interests of the class, and that no unique defenses as to this plaintiff will detract from issues central to such class.[2]

## CONCLUSION

For the foregoing reasons, the Court hereby grants plaintiff Mohamed's motion for certification of this action as a class action for the purposes of determining the liability of defendants. The class shall encompass all former shareholders of Mecklermedia who tendered their shares[3] to defendants in the tender offer commenced on or about October 15, 1998. Plaintiff Mohamed Alidina is named as class representative.

Counsel for plaintiff shall serve on defendants and submit to the Court, pursuant to Fed.R.Civ.P. 23(c)(2), a proposed form of notice to the class on or before May 25, 2001. Defendants shall file any objections to the proposed notice on or before June 15, 2001.

2. Additionally, while defendants claim that plaintiff Mohamed is subject to unique defenses because he tendered his shares even though he knew of the alleged impropriety, Mohamed's testimony demonstrates that he did not know the specific grounds for his son's complaints about the tender offer and that his decision to tender was based only on the price offered. *See id.* at 34, 37, 43, 51–52. Such testimony also supports this Court's conclusion that plaintiff's claims are typical of other shareholders as required by Fed. Rule Civ. Proc. 23(a)(3).

3. While plaintiff requests that the class also be certified with respect to individuals who did not tender their shares but were later "cashed out" in a second-step merger, such mergers are considered distinct from tender offers and not subject to the "best price" rule under section 14(d)(7). *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 779 (2d Cir.1991).