

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2002

# McKowan Lowe Co v. Jasmine Ltd

Precedential or Non-Precedential: Precedential

Docket No. 00-3728

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"McKowan Lowe Co v. Jasmine Ltd" (2002). *2002 Decisions.* Paper 403.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/403

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

    Filed June 26, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3728

MCKOWAN LOWE & CO., LTD.

v.

JASMINE, LTD., IRVING MANGEL, JAMES STEWART,
JACK AEZEN, LUJACO, LTD., FISHBEIN & COMPANY,
P.C., SAMUEL J. MANGEL, UNITED JERSEY BANK,
MARVIN WEISS, ARTHUR ANDERSEN, L.L.P.

(D.N.J. No. 94-cv-05522)

HARRY BERGER, individually and on behalf of a class
similarly situated; BERNARD L. CUTLER, individually and
on behalf of a class similarly situated

v.

JASMINE LTD., IRVING M. MANGEL, MELVIN TWERSKY,
EDWARD W. MASKALY, SAMUEL J. MANGEL, STEVEN B.
SANDS, MARTIN SANDS, THOMAS CIOCCO, SANDS
BROTHERS & CO., MCKOWAN LOWE & COMPANY, LTD.,
EVELYN WONG, TONY NGAI, LUJACO, LTD.

(D.N.J. No. 96-cv-02318)

HARRY BERGER and BERNARD CUTLER,
individually and on behalf of a class similarly situated,
        Appellants

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Nos. 94-cv-05522 & 96-cv-02318)
District Judge: Hon. Joseph H. Rodriguez

Argued October 29, 2001

Before: SLOVITER, NYGAARD and AMBRO, Circuit  Judges

(Filed June 26, 2002)

        Lowell E. Sachnoff (Argued)
        M. Marshall Seeder
        John W. Moynihan
        Sachnoff & Weaver, Ltd.
        Chicago, IL 60606

        Bryan L. Clobes
        Miller, Faucher Cafferty and

Wexler LLP
Philadelphia, PA 19102

Michael I. Behn
Futterman & Howard, Chtd.
Chicago, IL 60603

Attorneys for Appellants

Stephen L. Dreyfuss
Hellring, Lindeman, Goldstein
 & Siegal
Newark, NJ 07102

Attorney for Appellee Jasmine Ltd.
and Irving Mangel, Samuel J.
Mangel, United Jersey Bank,
Marvin Weiss, Melvin Twersky,
Edward W. Maskaly

2

Richard G. Placey
Montgomery, McCracken, Walker
 & Rhoads, LLP
Cherry Hill, NJ 08002

Attorney for Appellees
James Stewart, Jack Aezen,
Lujaco Ltd., Fishbein & Company,
P.C.

Richard A. Roth
Littman, Krooks, Roth & Ball
New York, NY 10017

Attorney for Appellees
Steven B. Sands, Martin Sands,
Sands Brothers & Co., Evelyn
Wong, Tony Ngai

Joseph M. Feeney
Cherry Hill, NJ 08002

Attorney for Appellee
Thomas Ciocco

John M. George, Jr. (Argued)
Lisa M. Cipriano
John H. Mulhern
Sidley, Austin, Brown & Wood
Chicago, IL 60603

Nicholas M. Kouletsis
Ralph R. Smith III
Pepper Hamilton LLP
Cherry Hill, NJ 08002

3

Of Counsel:
Barbara A. Mather
Pepper Hamilton LLP
Philadelphia, PA 19103

    Attorneys for Appellee
Arthur Andersen LLP

Of Counsel:
Meyer Eisenberg
 Deputy General Counsel
Mark R. Pennington
 Assistant General Counsel
David M. Becker
 General Counsel
Jacob H. Stillman
 Solicitor
Securities & Exchange Commission
Washington, D.C. 20549

    Attorneys for Securities and
Exchange Commission Appellants
Amicus-Curiae

OPINION OF THE COURT

SLOVITER, Circuit Judge:

This interlocutory appeal of the District Court's order denying class certification is before us on this court's grant of a petition for review pursuant to Rule 23(f) of the Federal Rules of Civil Procedure. The issue framed by the petition is

> [w]hether the commencement of a class action tolls the limitations period for intervening class members to bring claims on behalf of a class where a determination has not been made whether those claims are appropriate for class certification?

App. at 75.

Plaintiff-appellant Bernard Cutler appeals from the District Court's order granting summary judgment against

Cutler's class claims alleging violations of Section 11 of the Securities Act of 1933, 15 U.S.C. S 77k (2002), which creates a private right of action for claims of material misrepresentation or omission in a registration statement. The District Court concluded that although the statute of limitations was tolled for Cutler's individual claims, his claims on behalf of the class were time-barred.

Under the Supreme Court's decision in American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974), the filing of

a class action complaint tolls the statute of limitations for all members of the putative class who, following the denial of certification, intervene or file an independent action. See also Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 350 (1983). It is therefore established that American Pipe tolling applies to intervenors who assert claims in their individual capacity, but this court has not yet decided whether American Pipe tolling applies to an intervenor as a proposed class representative where the class has neither been certified nor definitively rejected.

I.

BACKGROUND

In December 1993, Jasmine, Ltd., a shoe importer headquartered in New Jersey, completed an initial public offering (IPO) of common stock. In November 1995, Harry Berger, a shareholder, filed suit in federal court on behalf of himself and a class of similarly situated purchasers alleging violations of federal and state securities laws in connection with the IPO.1 According to Berger, Jasmine and members of its management, Irving Mangel, Samuel Mangel, Melvin Twersky, Edward Maskaly and Thomas Ciocco, Jasmine's auditors, Arthur Andersen LLP and Fishbein & Co, P.C., the IPO underwriter, Sands Brothers & Co., Ltd. and two of its principals, Jasmine's buying agent in Hong Kong, McKowan Lowe & Co., Ltd, and two of

---

1. Suit was originally filed in the United States District Court for the Northern District of Illinois and then transferred at Berger's motion to the District of New Jersey.

its officers, Evelyn Wong and Tony Ngai, and a corporation controlled by the Mangels, Lujaco, Ltd., all participated in a scheme to misstate Jasmine's financial statements to conceal Jasmine's substantial debt to McKowan Lowe. Based on similar charges, in 1997 the SEC had obtained consent judgments against members of Jasmine's former management, under which they agreed to pay fines ranging from $100,000 to $7,293. Securities & Exchange Commission v. Irving M. Mangel, No. 97-1977 (D.D.C.), Litigation Release No. 15465, 65 S.E.C. Docket 645 (Aug. 28, 1997), available at http://www.sec.gov/litigation/litreleases/lr15465.txt. Tony Ngai and Evelyn Wong of McKowan Lowe also settled with the SEC. Ngai King Tak, Securities Act of 1933 Release No. 7443, 65 S.E.C. Docket 540 (Aug. 28, 1997), available at http://www.sec.gov/litigation/admin/3438988.txt. Jasmine itself is currently in Chapter 7 liquidation proceedings.

The statute of limitations for liability created under Section 11, the only claim implicated in this appeal, is "one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence." 15 U.S.C. S 77m.

The District Court found that "Berger was first given inquiry notice [by Jasmine's] May 19, 1995 form 8-K which disclosed irregularities discovered by BDO Seidman, and that warnings in the prospectus by themselves did not create notice." App. at 31. Berger's complaint was filed in November, 1995 and was thus within the applicable statute of limitations. The District Court found a class would present common questions of law and fact, and would be sufficiently numerous, but it rejected Berger's motion for class certification in August of 1998 based on its determination that Berger's claims failed to meet Rule 23's typicality requirement and because Berger would not provide adequate representation of the class. App. at 15.

On September 9, 1998, promptly after the District Court's opinion was filed, Bernard Cutler successfully moved to intervene. Absent tolling, Cutler's claims would be time-barred, as he did not intervene until well over the expiration of the one-year statute of limitations. The District Court determined that Cutler could maintain his

6

individual claims because "from November 17, 1995[when Berger filed his complaint,] until August 6, 1998 when [Berger's motion for] class certification was denied, the statute of limitations was tolled" under American Pipe. App. at 31. The District Court declined to evaluate Cutler's qualifications to represent a subclass of the original Berger class, as it rejected Cutler's proposed Section 11 class claim only on the ground that it was barred by the statute of limitations.

II.

JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 15 U.S.C. S 77v. On November 27, 2000, this court granted Cutler's Rule 23(f) petition. Rule 23(f) was "adopted under the power conferred by 28 U.S.C. S 1292(e)." Fed. R. Civ. P. 23(f) advisory committee's notes. The parties agree that this court reviews de novo the District Court's summary judgment dismissal of Cutler's class claims for failure to comply with the statute of limitations. See, e.g., Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992); Davis v. Thornburgh, 903 F.2d 212, 213 n.2 (3d Cir. 1990).

III.

DISCUSSION

On appeal, Cutler asserts that the District Court erred in refusing to toll the statute of limitations for his class claims. He contends that tolling his class claims is most consistent with the policies undergirding American Pipe, and is supported by the authority of the majority of the courts to consider the issue. Cutler concedes that his case would be considerably more problematic if the District

Court had conclusively determined that this case were inappropriate for resolution via class action. To distinguish his own circumstances from that situation he points out that the District Court rejected Berger's prior motions to certify a class based entirely on its perception of Berger's

inadequacies as the proffered representative. He suggests that this case, like many securities actions, presents a paradigmatic example of the sort of claims the class device was designed to help vindicate--those claims too numerous and small to warrant individual action but conjoined representing a substantial case. See, e.g., Eisenberg v. Gagnon, 766 F.2d 770, 785 (3d Cir. 1985) (observing "[c]lass actions are a particularly appropriate and desirable means to resolve claims based on the securities laws, 'since the effectiveness of the securities laws may depend in large measure on the application of the class action device' ") (quoting Kahan v. Rosenstiel, 424 F.2d 161, 169 (3d Cir. 1970)); John C. Coffee, Jr., Understanding the Plaintiff 's Attorney: The Implications of Economic Theory for Private Enforcement of Law Through Class and Derivative Actions, 86 Colum. L. Rev. 669, 681-83 (1986) (applying economic theory to explain frequent use of class procedure in securities litigation).

The Supreme Court has enunciated two rationales for the American Pipe rule, which tolls the statute of limitations for putative members of a class pending denial of class certification. First, class actions are "designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions." American Pipe, 414 U.S. at 550. If the claims of unnamed plaintiffs were not tolled, claimants would have an incentive to file claims themselves to protect their causes of action, "precisely the multiplicity of activity which Rule 23 was designed to avoid." Id. at 551; see also Crown Cork & Seal Co., 462 U.S. at 350-51.

The American Pipe rule encourages unnamed plaintiffs to rely on the class action already filed on their behalf. The class action procedure is protective of passive, even unwitting, members of the class. As the Court observed, "[n]ot until the existence and limits of the class have been established and notice of membership has been sent does a class member have any duty to take note of the suit or to exercise any responsibility with respect to it in order to profit from the eventual outcome of the case." American Pipe, 414 U.S. at 552.

Second, the Court in American Pipe held that the tolling rule is consistent with the twin functions of statutes of

limitations--providing defendants with timely notice and avoiding stale claims--because the action is tolled only by timely service of the class complaint on the defendants by

the named plaintiffs. Id. at 554-55; see also Crown Cork & Seal Co., 462 U.S. at 352 (noting "[l]imitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights").

Cutler argues that the same rationales are equally applicable to tolling his class claims. He finds support in two decisions of this court. In Haas v. Pittsburgh National Bank, 526 F.2d 1083 (3d Cir. 1975), we approved American Pipe tolling for a later class representative on a claim that the original representative was without standing to pursue. In 1972, Mary Haas had filed a class complaint against three banks, one of which was Equibank, claiming they had charged usurious interest rates. Although she had accounts at the two other banks, she had never had an account at Equibank. Nonetheless, in a 1973 order the district court granted Haas class representative status as to all three banks. Later, on January 21, 1974, in light of decisions by the Supreme Court and Ninth Circuit, the district court determined it had improperly certified Haas as to Equibank. In the same order the court permitted the amendment of the complaint to add a new class representative who had had an account with Equibank. That named plaintiff, John Mitchell, was added shortly thereafter.

The district court which had permitted Mitchell's addition subsequently ruled his claims were time-barred. The relevant statute of limitations was two years. Equibank had discontinued the practice that was the subject of the complaint more than two years prior to January 21, 1974, the date the district court had first permitted substitution of a new class representative.

On appeal, this court agreed with the district court that Haas was not a proper plaintiff as to Equibank. However, we reversed and remanded the dismissal of the class claim. We held, based on American Pipe, that the statute of limitations for Mitchell was tolled from November 13, 1972, the date Haas had filed her original complaint. Looking to American Pipe, we noted that Haas's complaint provided

Equibank with notice of "the claims against which[it] would be required to defend and also 'the number and generic identities of the potential plaintiffs.' " Id. at 1097. We concluded by observing "[t]hese plaintiffs were in existence at the time the action was originally brought and were described as claimants in the complaint. The only change effectuated by the district court's [January 21, 1974] order was the prompt addition of a nominal plaintiff who held an Equibank card." Id. Even were Haas not controlling, it certainly suggests that American Pipe tolling applies to class claims.

In the other case Cutler cites, Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985), this court reviewed the district court's grant of injunctive relief on behalf of a class

in a Title VII case. We determined as to one claim on which the plaintiffs had prevailed that none of the named representatives were adequate to represent the class. Based on the lack of a qualified class representative, we vacated the underlying findings on that claim. Id. at 124. However, in the interest of judicial economy, we directed that the district court "explore the possibility of intervention by qualified class representatives" on remand, id., concluding that "[s]uch a suit would be timely since the commencement of the class action tolled the statute of limitations as to members of the class" under American Pipe, id. at 124 n.8.

Defendant Arthur Andersen seeks to distinguish Haas based on our emphasis in that case on the district court's certification of a class, and characterizes our observation in Goodman as dictum, pointing out that there too the district court had certified a class. Andersen also argues that in both Haas and Goodman a change in the law caused the class representatives to become unfit after the district courts' certifications. Andersen points out that no class has been certified in this case, and thus no change in the law could prejudice potential class members nor could absent class members have relied on a prior certification.

Andersen, joined by Sands Brothers, cites as authority for its position a number of courts of appeals' decisions which treat a related, although Cutler argues distinguishable, situation. In those cases the issue was the

10

application of American Pipe tolling to subsequent intervenors or sequential class actions after there had been definitive denials of class certification in the original action. For example, in Korwek v. Hunt, 827 F.2d 874 (2d Cir. 1987), an early case in this line, the plaintiffs-appellants had

> filed a complaint alleging class claims identical theoretically and temporally to those raised in a previously filed class action suit which was denied class certification mainly because of overwhelming manageability difficulties. Appellants ignored the district court's express finding that the original action was unwieldy, first when attempting to intervene and expand the limited Gordon class, and again when filing, what was essentially a duplicate of the original complaint.

Id. at 879. The Second Circuit refused to extend tolling under those circumstances, concluding, "The Supreme Court in American Pipe and Crown, Cork certainly did not intend to afford plaintiffs the opportunity to argue and reargue the question of class certification by filing new but repetitive complaints." Id.

The underlying concern in Korwek and the articulated basis for the result was that application of American Pipe

tolling to successive attempts to certify a previously rejected class would sanction an endless succession of class filings. Korwek held that American Pipe tolling does not operate to permit plaintiffs to relitigate the propriety of a class action. The great weight of authority has adopted similar reasoning and has rejected the applicability of American Pipe tolling to such successive class actions. See, e.g., Basch v. Ground Round, Inc., 139 F.3d 6, 11-12 (1st Cir. 1998) (an action held to be inappropriate for class treatment does not toll statute of limitations for subsequent class actions); Andrews v. Orr, 851 F.2d 146, 148-49 (6th Cir. 1988) (same); Robbin v. Fluor Corp., 835 F.2d 213, 214 (9th Cir. 1987) (same); Salazar-Calderon v. Presidio Valley Farmers Ass'n, 765 F.2d 1334, 1351 (5th Cir. 1985) (rejecting American Pipe tolling for two subsequent actions that depended on a first action for their timeliness).

11

We agree with the rationale of those cases and Cutler does not argue that they were decided incorrectly. Instead, Cutler insists that his situation is different. Unlike the Korwek plaintiffs, Cutler is not attempting to resuscitate a class that a court has held to be inappropriate as a class action. The class certification motion of Cutler's predecessor, Berger (by whose complaint Cutler would have his claims tolled), was not rejected because of any defects in the class itself but because of Berger's deficiencies as a class representative. In fact, in its evaluation of Berger's attempt to certify, the District Court found that a class would present common enough questions of law and fact and be sufficiently numerous to merit class treatment. Thus Cutler argues that although the Korwek policy against perpetual relitigation of decided class issues is a sound one, it does not apply to him.

Only a handful of courts have considered whether class claims should be tolled when the class device has not been definitively rejected, and they have generally concluded that American Pipe tolling is permitted in that situation. Many of those cases presented a situation, such as that here, where the original motion for class certification was denied because the class representative was inadequate.

For example, in In re Quarterdeck Office Systems, Inc. Securities Litigation, CV-92-3970-DWW (GHKx), 1994 WL 374452 (C.D. Calif. Mar. 24, 1994), two investors filed a securities fraud action against Quarterdeck, its officers and directors, and three venture capital firms following the fall of the company's stock shortly after its IPO. Id. at *1. The court rejected their motion for class certification based on their inadequacies as class representatives. However, the court permitted intervention by other investors after the statute of limitations had run, holding that the intervenors' class claims were tolled under American Pipe. Id. at *2, 5.

The court recognized there were two groups of cases applying the American Pipe rule to subsequent class actions. The first group, exemplified by Korwek  and the

Ninth Circuit's decision in Robbin v. Fluor,"involved either
an attempt to file an entirely separate class action lawsuit
after the dismissal of an earlier action, or an attempt to
bring a later class action after the court had determined

12

that proceeding as a class action was an inappropriate
method of resolving the lawsuit." Id. at *4. The district
court recognized that the courts have universally refused to
extend American Pipe tolling to the subsequent class but
stated that that group of cases differs from cases involving
a later class action that is brought "in an attempt to find a
more appropriate class representative." Id.

In reaching its conclusion in Quarterdeck, the district
court stated:

> This court has not determined that proceeding as a
> class action is inappropriate, merely that [the first
> putative class representatives] are not proper class
> representatives. . . . [I]f this court were to hold that the
> statute is not tolled for these intervening plaintiffs to
> raise class allegations, it would . . . extend[ ] the
> holdings of Korwek and Robbin to cases in which a
> proper class representative is being sought within the
> originally filed lawsuit.

Id. at *5.

Other courts faced with similar circumstances have
reached similar conclusions. See, e.g., Shields v.
Washington Bancorporation, No. 90-1101, 1992 WL 88004,
*1-3 (D.D.C. Apr. 7, 1992) (permitting tolling for intervenor
over a year after original complainant's motion for class
certification dismissed because complainant was
inadequate representative); In re Crazy Eddie Sec. Litig.,
802 F. Supp. 804, 813 (E.D.N.Y. 1992) (observing, on
determining that named plaintiffs of certified class were
inadequate, that "a second class action would not be an
attempt to relitigate the question of class certification by
filing repetitive claims"); Trief v. Dun & Bradstreet Corp.,
144 F.R.D. 193, 202-03 (S.D.N.Y. 1992) (determining tolling
for intervenor appropriate where original named plaintiffs
were inadequate, although defendants had conceded class
action device appropriate); Shields v. Smith, No. 90-349,
1992 U.S. Dist. LEXIS 15718, *5-10 (N.D. Cal. Aug. 14,
1992) (permitting tolling to intervenor following denial of
original class for inadequate representation); see also
Alidina v. Penton Media, Inc., 143 F. Supp. 2d 363, 365-66
n.1 (S.D.N.Y. 2001) (permitting tolling where certification

13

conditionally denied); Fleming v. Bank of Boston Corp., 127
F.R.D. 30, 35-37 (D. Mass. 1989) (one criteria for denying
intervention was that intervenors could thereby avoid
Korwek line of cases and renew certification attempts); Fred

Meyer of Alaska, Inc. v. Adams, 963 P.2d 1025, 1029 (Alaska 1998) (permitting tolling following conditionally denied certification). But see Fleck v. Cablevision VII, Inc., 807 F. Supp. 824, 825-27 (D.D.C. 1992) (interpreting Korwek line of cases to forbid tolling to proposed new class representative).

In contrast to these cases, the Eleventh Circuit in Griffin v. Singletary, 17 F.3d 356 (11th Cir. 1994), a Title VII action, followed the Korwek line of cases to reject intervenors' class claims, although the original class was rejected solely for inadequate representation. The district court had initially certified a class, but on interlocutory appeal the court of appeals held that the named representatives were inadequate and vacated the certification order. On remand, after the statute of limitations had run, five individuals moved to intervene as class representatives and for recertification of the class. The district court denied their motions, and the court of appeals affirmed.

The court concluded that Korwek controlled. It stated, "plaintiffs may not 'piggyback one class action onto another' and thereby engage in endless rounds of litigation in the district court and in this Court over the adequacy of successive named plaintiffs to serve as class representatives." Id. at 359 (quoting Salazar-Calderon, 765 F.2d at 1351).

The Griffin court does not appear to have distinguished between the Korwek line of cases where denial of tolling followed a decision rejecting the class action itself and the situation where no court has yet determined that the class action is inappropriate. Indeed, in Korwek, the court itself distinguished the situation before it and a situation more similar to this one, explicitly "leav[ing] for another day the question of whether the filing of a potentially proper subclass would be entitled to tolling under American Pipe." Korwek, 827 F.2d at 879. Moreover, the Griffin panel's reasoning is inconsistent with our precedent in Haas where

14

we approved American Pipe tolling for a subsequent representative's class claims after the original certified class representative was found wanting.2

We return consequently to our decision in Haas . Although, as Andersen points out, Haas differs from this case in that the Haas district court had determined that its initial certification of a class was erroneous, we see no good reason why class claims should not be tolled where the district court had not yet reached the issue of the validity of the class. Andersen has not supplied any persuasive reason for making such a distinction.3

Andersen argues that judicial economy would be undermined if American Pipe tolling extends to class claims, because "class counsel would have little incentive to do any

investigation of potential class representatives before filing
_____

2. Ironically, both Cutler and Andersen also cite for support Catholic
Social Services, Inc. v. INS, 232 F.3d 1139 (9th Cir. 2000) (en banc). In
that case, the district court had properly certified a valid class. A panel
of the Ninth Circuit concluded in 1998 that the class subsequently had
been rendered invalid by the enactment of section 377 of the Illegal
Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA).
Id. at 1146. Rather than remanding to the district court to permit the
plaintiffs to amend their complaint, that panel remanded for dismissal.
Id. at 1146. After the district court had dismissed the case without
prejudice, some plaintiffs whose claims were not affected by IIRIRA
refiled their complaint and sought American Pipe  tolling. The Ninth
Circuit, in an en banc decision, observed that the plaintiffs had at all
times "vigorously pursued this litigation," and distinguished both Griffin
and the Korwek line because "[p]laintiffs in this case are not attempting
to relitigate an earlier denial of class certification, or to correct a
procedural deficiency in an earlier would-be class." Id. at 1149. The
court concluded that the plaintiffs could enjoy American Pipe tolling for
their class claims. Id.

The result in Catholic Social Services is essentially consistent with this
court's decision in Haas.

3. Because the District Court did not reach the issue of the propriety of
a class action here, we need not consider whether American Pipe tolling
would be available where the district courts abuse their discretion in
denying certification of a class. See, e.g., Gagnon, 766 F.2d at 786-88
(vacating district court's order denying class certification for abuse of
discretion and remanding for further proceedings).

15

suit. If the first representative was found to be inadequate,
counsel could find another, and then another after that,
and so on." Br. of Appellee Andersen at 31.

It is conceivable that if Cutler were to prove to be an
inadequate representative, the same counsel who
represents Berger and Cutler would seek to find another
who is adequate. However, we are confident of the capacity
of district courts to control abuse or ineptitude on the part
of class counsel and to institute administrative procedures
that would set deadlines for prospective class
representatives while protecting the interests of unnamed
plaintiffs.

We are, of course, like Andersen, concerned with judicial
economy but we believe it need not be achieved at the
expense of litigants for whom the American Pipe  tolling rule
was designed. As the Court stated,

        In cases such as this one, where the determination to
        disallow the class action was made upon
        considerations that may vary with such subtle factors
        as experience with prior similar litigation or the current
        status of a court's docket, a rule requiring successful
        anticipation of the determination of the viability of the

        class would breed needless duplication of motions.

American Pipe, 414 U.S. at 553-54.

In keeping with Supreme Court precedent and our own,
we hold that the class claims of intervening class members
are tolled if a district court declines to certify a class for
reasons unrelated to the appropriateness of the substantive
claims for certification. We will therefore remand so that the
District Court may determine Cutler's status as a proper
representative and, if he is not barred, may decide whether
the case can be maintained as a class action.

IV.

Berger seeks to have us consider the District Court's
dismissal of his individual Section 11 claims. He argues
first that because the District Court dismissed his claims in
the same order in which it denied class certification, we
may address the dismissal of his claim under Rule 23(f)'s

16

interlocutory appeal provision. Second, he argues that the
appellees "have raised the issue in this appeal." Both
arguments are without merit.

Rule 23(f) provides that "[a] court of appeals may in its
discretion permit an appeal from an order of a district court
granting or denying class action certification under this
rule." Fed R. Civ. P. 23(f). According to the Advisory
Committee, "Appeal from an order granting or denying class
certification is permitted in the sole discretion of the court
of appeals. No other type of Rule 23 order is covered by this
provision." Fed. R. Civ. P. 23(f) advisory committee's notes.
Berger's argument would have us stretch the limits of Rule
23(f) beyond Rule 23 certification questions. As quoted
above, the Advisory Committee notes explicitly describe
Rule 23(f) as not extending to any other type of order, even
where that order has some impact on another portion of
Rule 23.

Decisions of other circuits have also been scrupulous
about limiting Rule 23(f) inquiries to class certification
issues. See, e.g., Bertulli v. Indep. Ass'n of Cont'l Pilots, 242
F.3d 290, 294 (5th Cir. 2001) (stating "under Rule 23(f), a
party may appeal only the issue of class certification; no
other issues may be raised," but consenting to review
standing, an "inherent prerequisite to the class certification
inquiry"); Pickett v. Iowa Beef Processors , 209 F.3d 1276,
1279 (11th Cir. 2000) ("Rule 23(f) provides for our
jurisdiction over interlocutory appeals from a district
court's order granting class certification, and we limit our
discussion to that issue. We do not address the merits of
Plaintiffs' claims."); see also Carter v. West Pub'g. Co., 225
F.3d 1258, 1262-63 (11th Cir. 2000). Berger attempts to
distinguish Carter by pointing out that in that case the
appeals panel looked at two orders, one of which concerned
the statute of limitations. But the statute of limitations

inquiry in Carter was, as that court observed, a threshold
inquiry into the class certification issue. That is not the
case as to Berger's proposed class although, as this opinion
notes, it is as to Cutler's proposed class.

We dispense quickly with Berger's second argument, that
the appellees have somehow put Berger's Section 11

17

standing into play. It is the limitation of Rule 23(f), not any
arguments of the appellees, that determines our jurisdiction.4

V.

For the reasons heretofore set forth, we will dismiss
Berger's appeal and vacate the District Court order denying
certification of the class proposed by Cutler and remand on
that issue as set forth in this opinion.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit
_____

4. The SEC filed an amicus curiae brief in this appeal stating its position
that Section 11 is not limited to those who purchase in the offering but
instead grants standing to all purchasers of registered securities. As we
do not address the District Court's dismissal of Berger's individual
Section 11 claims, we need not reach this issue.

18