ALITO, Circuit Judge,
concurring and dissenting.
I join the opinion of the Court insofar as it holds that a prior action in which class certification is denied based solely on deficiencies of the class representative tolls the statute of limitations for filing a later, substantively identical action with a new representative. The logic of our decision in McKowan Lowe & Co. v. Jasmine Ltd., 295 F.3d 380 (3d Cir.), cert. denied, 537 *113 U.S. 1088, 128 S.Ct. 691, 154 L.Ed.2d 681 (2002), leads to this conclusion. I therefore agree with the majority that we must reverse the decision of the District Court with respect to the claims of the Telco Class, because class certification of those claims was denied on the ground that the lead plaintiff did not satisfy the typicality requirement of Federal Rule of Civil Procedure 23(a). See JA 402. I also agree with the majority that we should affirm the decision of the District Court with respect to the NACT Class because class certification of those claims was based on a class defect.
I disagree with the majority, however, insofar as it reverses the decision of the District Court with respect to the Open Market Class. Our decision in McKowan Lowe took pains to make it clear that the statute of limitations should not be tolled by a prior action in which class certification is denied based on “defects in the class itself,” rather than “deficiencies” of the class representative. 295 F.3d at 386. Without this restriction on tolling, lawyers seeking to represent a plaintiff class could extend the statute of limitations almost indefinitely until they find a district court judge who is willing to certify the class. The lawyers could simply file a new, substantively identical action with a new class representative as soon as class certification is denied in the last previous action. See McKowan Lowe, 295 F.3d at 386.
In the present case, as the majority notes, Judge Evans of the Northern District of Georgia denied class certification in a “substantively identical suit.” Maj. Op. at 99. Judge Evans stated that certification of the Open Market Class was denied for failure to meet “the typicality, commonality, adequacy, and superiority requirements.” JA 389. Thus, Judge Evans found two fatal defects — lack of “commonality” and “superiority” — that, as the majority acknowledges, are generally “used to describe class-based characteristics.” Maj. Op. at 111. Under McKowan Lowe, therefore, it would appear that we should hold that the prior action did not toll the statute of limitations with respect to the claims of the Open Market Class.
The majority, however, concludes in effect that Judge Evans, despite the language noted above, actually based her decision regarding the Open Market Class solely on deficiencies of the class representative, not defects in the class. For example, the majority stresses Judge Evans’s statement that the proposed representative of the Open Market Class “failed ... to meet his burden with regard to the typicality, commonality, adequacy, and superiority requirements.” Maj. Op. at 109 (quoting JA 389) (emphasis added in majority opinion).
It is possible that the majority’s interpretation of Judge Evans’s opinion is correct and that she did not really mean to hold either that there are not “questions of law or fact common to the [Open Market Class],” Fed.R.Civ.P. 23(a)(2), or that class action treatment of the claims of that class would not be “superior to other available methods for the fair and efficient adjudication of the controversy.” Fed.R.Civ.P. 23(b)(3). But the fact remains that she stated that the commonality and superiority requirements were not met, and there is no way for us to remand this matter to Judge Evans for her to clarify the precise basis of her ruling.
In cases like this, therefore, we have two choices. We can take at face value the grounds cited by the court that previously denied class certification, or we can look beyond the terms used by that court and attempt to determine whether the court really meant to base its decision on deficiencies of the representative or defects in the class. I would take the former approach, because I believe that the alternative may lead to problems. Our circuit will *114 attract actions in which courts in other circuits have denied class certification. Even when the courts denying certification state that their decisions are based on defects in the class, the courts of our circuit will be asked to look behind the text of the opinions denying certification and to determine whether the authors of those opinions really meant to say or should have said what they did. We must keep in mind that, in most circuits, the distinction drawn in McKowan Lowe between deficiencies in the representative and defects in the class has no bearing on the tolling of the statute of limitations, and therefore district courts in those circuits may not always make it clear whether their rulings rest on representative- or class-based defects. We also should not underestimate the ability of lawyers representing would-be plaintiff classes to recharacterize rulings that, read literally, appear to be class-based.
I would, accordingly, adopt a rule that takes decisions denying class certification at face value. Because I am concerned about the effects of the majority’s approach, I must respectfully dissent in part.